## Case Information

CC-19-05426-D | JAMES SUMMERS, FELICITAS SUMMERS vs. LIBERTY SAVINGS BANK, FSB

Case Number
CC-19-05426-D

Court
County Court at Law No. 4

Judicial Officer
ROSALES, PAULA

File Date
08/30/2019

Case Type
DEBT/CONTRACT

Case Status
OPEN

## Party

PLAINTIFF
SUMMERS, JAMES

Address
532 LEA VALLEY CIRCLE
COPPELL TX 75017

Active Attorneys ▾
Lead Attorney
LEBOEUF, JASON
Retained

PLAINTIFF
SUMMERS, FELICITAS

Address
532 LEA VALLEY CIRCLE
COPPELL TX 75017

Active Attorneys ▾
Lead Attorney
LEBOEUF, JASON
Retained

DEFENDANT
LIBERTY SAVINGS BANK, FSB

Address
C/O ITS CORPORATE OFFICER
3435 AIRBORNE ROAD, SUITE B
WILMINGTON OH 45177

# Bond

| Bond Type | Bond Number | Bond Amount | Current Bond Status |
| --- | --- | --- | --- |
| TRO CASH BOND | | $500.00 | POSTED |

# Events and Hearings

08/30/2019 NEW CASE FILED (OCA)

08/30/2019 ORIGINAL PETITION ▾

ORIGINAL PETITION

PROPOSED TRO

Comment
PLAINTIFFS' ORIGINAL PETITION. APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES

08/30/2019 ISSUE TRO ▾

Comment
$20 COPY FEE STILL DUE

08/30/2019 SERVICE - CERTIFIED / REGISTERED MAIL

08/30/2019 ORDER - TEMPORARY RESTRAINING ORDER ▾

ORDER - TEMPORARY RESTRAINING ORDER

09/27/2019 TEMPORARY INJUNCTION ▾

1 CLERK HEARING NOTICE

1 CLERK HEARING NOTICE

1 CLERK HEARING NOTICE

Judicial Officer
ROSALES, PAULA

Hearing Time
10:30 AM

01/20/2020 DISMISSAL HEARING ▾

3 CCL#4 Y LETTER

Judicial Officer
ROSALES, PAULA

Hearing Time
9:00 AM

## Financial

SUMMERS, JAMES

| | Total Financial Assessment | | | $346.00 |
| --- | --- | --- | --- | --- |
| | Total Payments and Credits | | | $346.00 |

| 8/30/2019 | Transaction Assessment | | | $346.00 |
| --- | --- | --- | --- | --- |
| 8/30/2019 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2019-12313 | SUMMERS, JAMES | ($346.00) |

## Documents

ORIGINAL PETITION

PROPOSED TRO

ORDER - TEMPORARY RESTRAINING ORDER

1 CLERK HEARING NOTICE

1 CLERK HEARING NOTICE

1 CLERK HEARING NOTICE

3 CCL#4 Y LETTER

FILED
8/30/2019 7:49 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-19-05426-D
_____

| | | |
|---|---|---|
| **JAMES SUMMERS AND** | § | **IN THE COUNTY COURT** |
| **FELICITAS SUMMERS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. ___** |
| | § | |
| **LIBERTY SAVINGS BANK, FSB,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW James Summers and Felicitas Summers, Plaintiffs herein, filing this Original Petition, Application for Injunctive Relief, and Request for Disclosures complaining of Liberty Savings Bank, N.A. ("Defendant" herein), and for causes of action would respectfully show the Court as follows:

### DISCOVERY

1.      Plaintiffs intend to conduct discovery under Texas Rules of Civil Procedure 190.3 (Level 2).

### PARTIES

2.      Plaintiffs are individuals who reside in Dallas County, Texas and may be served with process on the undersigned legal counsel.

3.      Liberty Savings Bank, FSB is foreign financial entity which conducts business in Dallas County, Texas and may be served with process as follows:

> Liberty Savings Bank, FSB
> C/O its corporate officer
> 3435 Airborne Road, Suite B
> Wilmington, Ohio 45177

1

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over Defendant because this defendant is a foreign financial entity which conducts business in Dallas County, Texas. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

5.     Venue is mandatory in Dallas County, Texas because the subject matter of the lawsuit involves real property which is located in Dallas County, Texas. Further, all or a substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in Dallas County, Texas thus venue is proper under §15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## RELEVANT FACTS

6.      Plaintiffs purchased the Property located at 532 Lea Valley Circle, Coppell, Texas 75019 on or about December 4, 1980 and in conjunction therewith, Plaintiffs executed a Note in the amount of $158,400.00 ("Note") and a Deed of Trust in which Gibraltar Savings Association was listed as the beneficiary ("Deed of Trust"). The Deed of Trust was recorded in the real property records of Dallas County, Texas under book 80239, page 710.

7.     Plaintiffs' loan was allegedly assigned to Defendant, with Cenlar FSB ("Cenlar") servicing the loan on behalf of Defendant.

10.     Plaintiffs contacted Defendant in January 2019 to apply for a loan modification. Plaintiffs then submitted a complete application for a loan modification to Defendant.

11.     Plaintiffs received a letter from Defendant dated January 16, 2019 stating they had received the application, it was complete, no further action was needed by Plaintiffs, and that it would be reviewed within 30 days.

12.     However, Plaintiffs did not receive approval or denial of the modification. Instead, Defendants told Plaintiffs that they should submit another loan modification application.

13.     Plaintiffs then submitted another loan modification application in April 2019. Plaintiffs received a letter from Defendant dated April 9, 2019 stating they had received the application, it was complete, no further action was needed by Plaintiffs, and that it would be reviewed within 30 days.   However, Plaintiffs did not receive approval or denial of the modification. Instead, Defendant told Plaintiffs that they should submit another loan modification application

14.     Plaintiffs then submitted another loan modification application in July 2019. Plaintiffs received a letter from Defendant dated July 19, 2019 stating they had received the application, it was complete, no further action was needed by Plaintiffs, and that it would be reviewed within 30 days.

15.     Plaintiffs continued to call Defendant to follow up on the application. However, Plaintiffs did not receive approval or denial of the modification.

16.     Plaintiff followed up with Defendant and was told that the foreclosure sale was set for September 3, 2019.  Plaintiffs spoke with Victor, a representative for Defendant, in August 2019 and Victor advised them that even though the foreclosure date is September 3, 2019, Plaintiffs should submit another loan modification application for consideration.   Plaintiff inquired why hadn't the previous loan modifications been reviewed and ruled upon.  Plaintiff was then told that when the underwriter team for Defendant sits down to look at a loan modification packet, everything must be in front of them, not at another person's desk, or on another computer, and that they don't keep all the documents saved in one location, and that if they don't have all the documents in front of them, even if they are somewhere in Defendant's possession, they don't review it.

17.     Plaintiffs have submitted three complete loan modification applications in 2019 which have not been fully reviewed and ruled upon by Defendant.

18.     Instead, Defendant has the Property set for foreclosure on September 3, 2019, in violation of state and federal law.

## CLAIMS

### AGENCY & RESPONDEAT SUPERIOR

19.     Wherever it is alleged that Defendant did anything, or failed to do anything, it is meant that such conduct was done by Defendant's employees, vice principals, agents, attorneys, and/or affiliated entities, in the normal or routine scope of their authority, or ratified by Defendant, or done with such apparent authority so as to cause Plaintiffs to reasonably rely that such conduct was within the scope of their authority. Plaintiffs did rely to Plaintiffs' detriment on Defendant's representatives being vested with authority for their conduct. Defendant is vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, and representatives of Defendant's affiliated entities by virtue of respondeat superior, apparent authority, and estoppel doctrines.

### FIRST CAUSE OF ACTION:
### BREACH OF CONTRACT

20.     To the extent not inconsistent herewith, Plaintiffs incorporate by reference the allegations made above as if set forth fully herein.

18.     The actions committed by Defendant constitutes breach of contract because:

    A.     There exists a valid, enforceable contract between Plaintiffs and Defendant;

    B.     Plaintiffs have standing to sue for breach of contract;

    C.     Plaintiff performed, tendered performance, or was excused from performing the contractual obligations;

    D.     Defendant breached their contract; and

    E.     The breach of contract by Defendant caused Plaintiffs' injury – numerous

erroneous expenses, overcharges, penalties, and interest on the Loan.

## SECOND CAUSE OF ACTION:
## COMMON LAW FRAUD

19.     To the extent not inconsistent herewith, Plaintiffs incorporate by reference the allegations made above as if set forth fully herein.

20.     The actions committed by Defendant constitutes common law fraud because Defendant made false and material representations to Plaintiffs by, among other things, misstating and mischaracterizing the loan modification services that were available to Plaintiffs.  Defendant knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, Defendant made these representations with the intent that Plaintiffs act on them and Plaintiff relied on these representations which caused Plaintiff's injury - numerous out of pocket expenses, lost time, lost wages, and mental anguish and emotional distress.

## THIRD CAUSE OF ACTION:
## PROMISSORY ESTOPPEL

21.     To the extent not inconsistent herewith, Plaintiffs incorporate by reference the allegations made above as if set forth fully herein.

22.     The actions committed by Defendant constitutes promissory estoppel because:

A.     Defendant made a promise to Plaintiffs;

B.     Plaintiffs reasonably and substantially relied on the promise to their detriment;

C.     Plaintiffs' reliance was foreseeable by Defendant; and

D.     Injustice can be avoided only by enforcing Defendant's promise.

## FOURTH CAUSE OF ACTION:
## VIOLATION OF RESPA

5

23.     To the extent not inconsistent herewith, Plaintiffs incorporate by reference the allegations made above as if set forth fully herein.

24.     Plaintiffs submitted an applications for loss mitigation, as understood by 12 CFR § 1024.41(c), to Defendants.

25.     Section 1024.41(c)(1)(ii) requires that the servicer provide "notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage."

26.     Section 1024.41(d) further requires that if the application "is denied for any trial or permanent loan modification option available to the borrower pursuant to paragraph (c) of this section, a servicer shall state in the notice . . . the specific reason or reasons for the servicer's determination for each such trial or permanent loan modification option and, if applicable, that the borrower was not evaluated on other criteria."

27.     Here, Defendant never denied Plaintiffs' application in writing and never gave a reason for its denial in writing. In terms of loan modification specifically, Defendant has violated 12 CFR § 1024.41(d) by failing to provide a written denial of Plaintiffs' application and the reason or reasons for denial of the application. Further, there is no indication that Plaintiffs were fully considered for any other loss mitigation options.

28.     Defendant violated 12 CFR § 1024.41(c) by failing to send written notice of its denial. Further, Defendant failed to evaluate Plaintiffs for all loss mitigation options and to provide proper notice of such evaluation.

29.     Pursuant to 12 CFR § 1024.41(f)(2), (g), Defendant is prohibited from initiating foreclosure proceedings or foreclosing on the Property until Defendant gives Plaintiffs the proper notice described in 12 CFR § 1024.41(c)(1)(ii). This prohibition applies even if the foreclosure

process has started, so long as the application was submitted at least thirty-seven (37) days prior to the scheduled foreclosure sale. *See* 12 CFR § 1024.41(g).

30.     In addition to being a defense to foreclosure, the above regulation provides that a violation is actionable pursuant to Section 6(f) of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2605(f)). See 12 CFR § 1024.41(a). This Section allows for the recovery of actual damages, statutory damages of up to $2,000, court costs, and attorneys' fees. 12 U.S.C. § 2605(f).

### FIFTH CAUSE OF ACTION:
### <u>VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT</u>

31.     To the extent not inconsistent herewith, Plaintiffs incorporate by reference the allegations made above as if set forth fully herein.

32.      This includes an action for violations of the Texas Debt Collection Act ("TDCA") against Defendant. *See* Tex. Fin. Code §§ 392.001 et seq.

33.      Plaintiffs are a "consumer" within the meaning of Section 392.001 of the Texas Finance Code, and the debt in question relating to the Property is a "consumer debt" within the meaning of such statute.

34.      Defendants are debt collectors. "Debt collection" is defined as the act or practice "in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." A "debt collector" therefore includes a creditor who is collecting its own debt. *Smith v. Heard*, 980 S.W.2d 693, (Tex. App.—San Antonio, 1998, pet. denied) (A creditor is not excused from following the provisions of the TDCA on the basis that the debt is owed directly to the creditor).

35.      The acts, omissions, and conduct of Defendant, as alleged above, herein, and below, constitute violations of the following provisions of the TDCA:

a. Threatening to take an action prohibited by law, specifically seeking to sell the Property at a foreclosure sale in violation of state and federal law. *See* Tex. Fin. Code §§ 392.301(a)(8).

b. Using a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8).

c. Misrepresenting the status or nature of the services rendered by the debt collector. *See* Tex. Fin. Code § 392.304(a)(14).

d. Using other false representation or deceptive means to collect a debt. *See* Tex. Fin. Code § 392.304(a)(19).

36.     Defendant sought to sell the Property at a foreclosure sale prior to giving Plaintiffs the notices required by RESPA. This was a violation of federal law, which in turn was also a violation of TDCA Section 392.301(a)(8). While Defendant may have had contractual authority under the deed of trust to conduct a nonjudicial foreclosure sale in certain circumstances, Defendant sought to foreclose under circumstances prohibited by RESPA. Therefore, by moving forward with foreclosure proceedings, Defendant threatened to take an action prohibited by law.

37.     Additionally, Defendant made significant types of misrepresentations to Plaintiffs about the status of their loan and its own services constituting violations of TDCA Sections 392.304(a)(8), 392.304(a)(19), and 392.304(a)(14).

38.     Defendant later represented to Plaintiffs that their loan was eligible for modification and a modification of the loan would be finalized and forthcoming. Instead, Defendant informed Plaintiffs that their loan had gone into foreclosure status. By representing to Plaintiffs that their application had been accepted and that loan terms would soon be modified,

Defendant again misrepresented to Plaintiffs the status of their loan. This was false, misleading, and deceptive in violation of TDCA Section 392.304(a)(8).

39.    As a result of these violations of the TDCA, Plaintiffs are entitled to relief provided by Section 392.403, including but not limited to recovery of all actual damages sustained as a result of violations of the TDCA, all actual direct and indirect economic damages, damages for lost time, damages for mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages. Plaintiff is also entitled to exemplary damages and attorneys' fees. *See* Tex. Fin. Code § 392.403.

**SIXTH CAUSE OF ACTION:**
**BREACH OF DUTY OF COOPERATION**

40.    To the extent not inconsistent herewith, Plaintiffs incorporate by reference the allegations made above as if set forth fully herein.

41.    Texas law recognizes a duty to cooperate that "is implied in every contract in which cooperation is necessary for performance of the contract." This duty "requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its duties under the contract." *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied).

42.    As described above, Defendants misled Plaintiff with oral and written representations regarding her Loan, representations that were untrue. Defendants did not provide Plaintiff with the information needed to properly perform the obligations of the Loan. Defendants have therefore breached the implied duty of cooperation. Plaintiff has suffered damages as a result.

**SEVENTH CAUSE OF ACTION:**
**NEGLIGENT MISREPRESENTATION**

43.    To the extent not inconsistent herewith, Plaintiffs incorporate by reference the

allegations made above as if set forth fully herein.

44.     The elements of a claim for negligent misrepresentation are: (1) the representation is made by a defendant in the course of its business, or in a transaction in which it has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant does not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. Fed. Land Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991).

45.     In the course of their businesses and in a transaction in which it had a pecuniary interest, Defendant represented to PlaintiffS the services and loss mitigation options available to Plaintiffs.  Defendant then pursued foreclosure against Plaintiffs.  The information provided by Defendant to Plaintiffs was false.  At best Defendant supplied this information without exercising reasonable care or competence in their communications with Plaintiffs.  As a result of relying on Defendants' misrepresentations, Plaintiff has suffered pecuniary loss, and faces further pecuniary loss if Defendants are permitted to foreclose, have suffered mental anguish, and out of pocket expenses.

## DAMAGES:

## ACTUAL DAMAGES

46.     Plaintiffs are entitled to recover actual damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.  Plaintiffs face loss of equity in the Property if Defendants are permitted to foreclose. Plaintiffs suffered lost time damages as a direct result of attempting to save the Property and in connection with the threat of foreclosure.   Plaintiffs also suffered economic damages through payment of improper fees, expenses, and charges forced by Defendants' misconduct.  Plaintiffs suffered out of pocket

expenses, lost time, and lost wages.

47.     Further, Plaintiffs suffered mental anguish damages in connection with Defendants' violations and threat to foreclose on the Property. Plaintiffs' mental anguish caused a substantial disruption in their daily routine and job performance. Specifically, the mental anguish caused by the improper conduct, Plaintiffs' frustrated efforts to resolve the improper conduct, and the threatened foreclosure sale, interfered with Plaintiffs' ability to sleep and perform normal daily activities.

## EXEMPLARY DAMAGES

48.     Plaintiffs are entitled to recover exemplary damages from Defendant for which Plaintiffs plead in an amount which does not exceed the jurisdictional limits of this Court. Plaintiffs are also entitled to exemplary damages under the TDCA. *See Morante v. Am. Gen. Fin. Ctr.*, 157 F.3d 1006, 1011 (5th Cir. 1998); *Enis v. Bank of Am., N.A.*, No. 3:12-CV- 0295-D, 2012 WL 4741073, at *8 (N.D. Tex. Oct. 3, 2012) (Fitzwater, J.).

## STATUTORY DAMAGES

49.     Further, Plaintiffs are entitled to an award of statutory damages.

## ATTORNEYS' FEES

50.     Pursuant to Section 392.403 of the Texas Finance Code, Plaintiffs are entitled to recover attorneys' fees reasonably related to the amount of work performed and costs, for all actions in the trial court, the Court of Appeals, and the Supreme Court.

51.     Plaintiffs were forced to employ the undersigned attorneys to represent them and have agreed to pay them reasonable attorneys' fees for their services. Plaintiffs are also entitled to recover reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiffs plead in an amount which does not exceed the jurisdictional limits of this

Court.

## CONDITIONS PRECEDENT

52.     All conditions precedent to the Plaintiffs' right to bring these causes of action have been performed, have occurred, or have been waived.

## REQUEST FOR DISCLOSURES

53.     Defendant is hereby requested to disclose to Plaintiffs, within 50 days of service of this request, the information and material described in Rule 194 of the Texas Rules of Civil Procedure.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

54.     To the extent not inconsistent herewith, Plaintiffs incorporate by reference the allegations made above as if set forth fully herein.

55.     Unless Defendant is enjoined, Plaintiffs will suffer probable harm which is imminent and irreparable. More specifically, if not enjoined, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiffs of ownership of the Property and potentially causing Plaintiffs to be dispossessed of the Property. Plaintiffs have no adequate remedy at law because the subject matter is real property, and any legal remedy of which Plaintiffs may avail themselves will not give as complete, equal, adequate, and final a remedy as the injunctive relief sought in this Application.

56.     Therefore, Plaintiffs request that this Court issue a Temporary Restraining Order and, thereafter, a Temporary Injunction, to restrain Defendant from selling the real property commonly known as 532 Lea Valley Circle, Coppell, Texas 75019 as well as from taking any legal action to evict Plaintiffs and any other occupants from, or enforcing a writ of possession regarding,

the aforementioned property.

57.     Plaintiffs further requests that, upon trial on the merits, Defendant be permanently enjoined from the same acts listed in Paragraph 56 above.

58.     Plaintiffs are likely to prevail on the merits of the lawsuit as described above.

59.     The granting of the relief requested is not inconsistent with public policy considerations.

## BOND

60.     Plaintiffs are willing to post a reasonable temporary restraining order bond and requests that the Court set such bond.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests that:

A.     Defendant be cited to appear and answer herein;

B.     The Court conduct a hearing on Plaintiffs' Application for Injunctive Relief;

C.     A temporary restraining order be issued restraining Defendant, their agents, employees, and legal counsel, and those acting in concert or participation with Defendants who receive actual notice of the Order, by personal service or otherwise, from selling the real property which is the subject matter of this lawsuit and is commonly known as 532 Lea Valley Circle, Coppell, Texas 75019;

D.     A Permanent Injunction be entered enjoining Defendant from the same acts listed in Paragraph C above; and

E.     Upon final hearing or trial hereof, the Court order a judgment in favor of Plaintiffs against Defendant for actual damages, exemplary damages, reasonable attorneys'

fees, all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

VILT AND ASSOCIATES, P.C.

/s/ Jason A. LeBoeuf_____
ROBERT C. VILT
Texas Bar Number 00788586
Email: clay@viltlaw.com
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:     713.840.7570
Facsimile:      713.877.1827

JASON A. LEBOEUF
Texas Bar Number 24032662
Email: jason@viltlaw.com
KERRY PRISOCK
Texas Bar Number 24082005
Email: kerry@viltlaw.com
Richardson Telecom
2435 North Central Expressway, Suite 1200
Richardson, Texas 75080
Telephone:     1.844.411.9458
Facsimile:      1.844.875.3062

ATTORNEYS FOR PLAINTIFF

CAUSE NO. _____

| | | |
|---|---|---|
| **JAMES SUMMERS AND** | § | **IN THE COUNTY COURT** |
| **FELICITAS SUMMERS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. ___** |
| | § | |
| **LIBERTY SAVINGS BANK, FSB,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S DECLARATION

"My name is James Summers and I am the Plaintiff in the above-captioned lawsuit. I have read the Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures to which this Declaration relates and offer this Declaration in support of the statements and arguments asserted therein.

My name is James Summers, my date of birth is _____4/2/1945_____, and my address is 532 Lea Valley Cir, Coppell, Texas 75019. I declare under penalty of perjury that the foregoing information is true and correct."

Executed in Dallas County, State of Texas, on the 29th day of August 2019.

_____
James Summers

CAUSE NO. _____

| | | |
|---|---|---|
| **JAMES SUMMERS AND** | § | **IN THE COUNTY COURT** |
| **FELICITAS SUMMERS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. ___** |
| | § | |
| **LIBERTY SAVINGS BANK, FSB,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## CERTIFICATE OF CONFERENCE

Pursuant to Dallas County Local Rules, the undersigned counsel for Plaintiff named in the above styled and numbered cause, hereby certifies his efforts to notify the Defendants of the filing of Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures (Petition") and Temporary Restraining Order ("TRO") prior to seeking entry of the TRO, as follows:

On August 30, 2019, at 2:35 a.m., I sent an email to Annarose Harding at Annarose.Harding@tx.cslegal.com, an attorney with Defendant's foreclosure counsel, Codilis & Stawiarski, P.C., and provided them with copies of the Petition and TRO and advised them that we would be seeking entry of the TRO at least two hours after providing the email notification.  I certify that the foregoing was completed at least (2) hours before seeking entry of the TRO.

Respectfully submitted,

VILT AND ASSOCIATES, P.C.

/s/ Jason A. LeBoeuf_____
Jason A. LeBoeuf
Texas Bar Number 24032662
Email: jason@viltlaw.com
Richardson Telecom
2435 North Central Expressway, Suite 1200

1

Richardson, Texas 75080
Telephone:      214.712.7495
Facsimile:      713.877.1827

Robert C. VILT
Texas Bar Number 00788586
Email: clay@viltlaw.com
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:      713.840.7570
Facsimile:      713.877.1827

ATTORNEYS FOR PLAINTIFF

CAUSE NO. _____
CC-19-05426-D

| | | |
|---|---|---|
| **JAMES SUMMERS AND** | § | **IN THE COUNTY COURT** |
| **FELICITAS SUMMERS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. ___** |
| | § | |
| **LIBERTY SAVINGS BANK, FSB,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## TEMPORARY RESTRAINING ORDER

ON THIS DATE the Plaintiffs' Original Petition, Application for Injunctive Relief, and Request for Disclosures ("Petition") in this cause, was heard and considered before this Court.

Based upon the pleadings, exhibits, records, and documents filed by Plaintiff and presented to the Court, as well as the arguments of legal counsel at the hearing, IT CLEARLY APPEARS THAT:

A.      Unless Defendant, their agents, employees, directors, shareholders, and legal counsel is/are immediately enjoined and restrained, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiffs of ownership of the Property identified and described in the Petition and potentially causing Plaintiffs to be dispossessed of the Property or take legal action to evict Plaintiffs or any other occupants from the aforementioned Property or enforcing a writ of possession regarding the aforementioned Property, and Plaintiffs will suffer an immediate and irreparable harm and will have no adequate remedies under the law, and Defendant may commit the foregoing before notice and hearing on Plaintiff's Application for Injunctive Relief.

B.      Plaintiffs will suffer an irreparable harm if Defendant, their agents, employees, directors, shareholders, and legal counsel are not restrained immediately because Defendant has

scheduled Plaintiffs' Property for a foreclosure sale to take place on September 3, 2019 - that is real property and Plaintiffs' residence, which is unique and irreplaceable, and there is no adequate remedy at law to grant Plaintiffs complete, final, and equitable relief.

C.      Plaintiffs provided notice to Defendant through electronic communication with Defendants' agent(s) in the aforementioned lawsuit, of the filing of Plaintiffs' Original Petition, Application for Injunctive Relief, and Request for Disclosures as well as Temporary Restraining Order at least two (2) hours before this Court conducted this hearing.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby ORDERED to immediately cease and desist from selling the real property which is the subject matter of this lawsuit and is commonly known as 532 Lea Valley Cir, Coppell, Texas 75019 as well as from taking any legal action to evict Plaintiffs or any other occupants from the aforementioned property or enforcing a writ of possession regarding the aforementioned property. Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby immediately enjoined and restrained from the date of entry of this Order until fourteen (14) days hereafter, or until further ordered by this Court.

**IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Application for Temporary Injunction be heard on the _____ day of September, 2019 starting at _____ a.m./p.m. in the courtroom of the County Court at Law No.____ of Dallas County located at 600 Commerce Street, Dallas, Texas 75202 and that Defendant is commanded to appear at that time and show cause, if any, why a temporary injunction should not be issued against Defendant.

The Clerk of the above-entitled court shall issue a notice of entry of a temporary restraining order in conformity with the law and the terms of this Order, to include a copy of this Order, upon

the filing by Plaintiff of the bond hereinafter set.

This Order shall not be effective until Plaintiffs deposit with the Dallas County Clerk, a bond in the amount of $_____, in due conformity with applicable law.  The bond may be in the form of cash, cashier's check, or a check drawn from operating account of Plaintiffs' attorney's law firm.

SIGNED and ENTERED this the _____day of August, 2019, at _____ a.m./p.m.


_____
JUDGE PRESIDING

CAUSE NO. CC-19-05426-D

| | | |
|---|---|---|
| **JAMES SUMMERS AND** | § | **IN THE COUNTY COURT** |
| **FELICITAS SUMMERS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. ___** |
| | § | |
| **LIBERTY SAVINGS BANK, FSB,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## TEMPORARY RESTRAINING ORDER

ON THIS DATE the Plaintiffs' Original Petition, Application for Injunctive Relief, and Request for Disclosures ("Petition") in this cause, was heard and considered before this Court.

Based upon the pleadings, exhibits, records, and documents filed by Plaintiff and presented to the Court, as well as the arguments of legal counsel at the hearing, IT CLEARLY APPEARS THAT:

A.     Unless Defendant, their agents, employees, directors, shareholders, and legal counsel is/are immediately enjoined and restrained, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiffs of ownership of the Property identified and described in the Petition and potentially causing Plaintiffs to be dispossessed of the Property or take legal action to evict Plaintiffs or any other occupants from the aforementioned Property or enforcing a writ of possession regarding the aforementioned Property, and Plaintiffs will suffer an immediate and irreparable harm and will have no adequate remedies under the law, and Defendant may commit the foregoing before notice and hearing on Plaintiff's Application for Injunctive Relief.

B.     Plaintiffs will suffer an irreparable harm if Defendant, their agents, employees, directors, shareholders, and legal counsel are not restrained immediately because Defendant has

scheduled Plaintiffs' Property for a foreclosure sale to take place on September 3, 2019 - that is real property and Plaintiffs' residence, which is unique and irreplaceable, and there is no adequate remedy at law to grant Plaintiffs complete, final, and equitable relief.

      C.     Plaintiffs provided notice to Defendant through electronic communication with Defendants' agent(s) in the aforementioned lawsuit, of the filing of Plaintiffs' Original Petition, Application for Injunctive Relief, and Request for Disclosures as well as Temporary Restraining Order at least two (2) hours before this Court conducted this hearing.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby ORDERED to immediately cease and desist from selling the real property which is the subject matter of this lawsuit and is commonly known as 532 Lea Valley Cir, Coppell, Texas 75019 as well as from taking any legal action to evict Plaintiffs or any other occupants from the aforementioned property or enforcing a writ of possession regarding the aforementioned property. Defendant, their agents, employees, directors, shareholders, and legal counsel are hereby immediately enjoined and restrained from the date of entry of this Order until fourteen (14) days hereafter, or until further ordered by this Court.

**IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Application for Temporary Injunction be heard on the 13 day of September, 2019 starting at 11 a.m./p.m. in the courtroom of the County Court at Law No. 7 of Dallas County located at 600 Commerce Street, Dallas, Texas 75202 and that Defendant is commanded to appear at that time and show cause, if any, why a temporary injunction should not be issued against Defendant.

The Clerk of the above-entitled court shall issue a notice of entry of a temporary restraining order in conformity with the law and the terms of this Order, to include a copy of this Order, upon

the filing by Plaintiff of the bond hereinafter set.

This Order shall not be effective until Plaintiffs deposit with the Dallas County Clerk, a bond in the amount of $ _500_ , in due conformity with applicable law. The bond may be in the form of cash, cashier's check, or a check drawn from operating account of Plaintiffs' attorney's law firm.

SIGNED and ENTERED this the _30_ day of August, 2019, at _3:44_ a.m. p.m.

JUDGE PRESIDING

3

# OFFICIAL RECEIPT

| Payor | Receipt No. |
|---|---|
| LEBOEUF, JASON | **CV-2019-12387** |
| 2435 N CENTRAL EXPY | |
| STE 1200 | Transaction Date |
| RICHARDSON, TX 75080-2747 | 08/30/2019 |

| Description | Amount Paid |
|---|---|

On Behalf Of  SUMMERS, JAMES
    CC-19-05426-D
    JAMES SUMMERS, FELICITAS SUMMERS vs. LIBERTY SAVINGS BANK, FSB
    Bond Account

| | Amount Paid |
|---|---|
| RESTRICTED DEPOSIT | 500.00 |
| **SUBTOTAL** | **500.00** |

| | **PAYMENT TOTAL** | **500.00** |
|---|---|---|

| CHECK (Ref #1365) Tendered | 500.00 |
|---|---|
| Total Tendered | **500.00** |
| Change | 0.00 |

| 08/30/2019 | Cashier | Audit |
|---|---|---|
| 04:20 PM | Station CC040 | 63162059 |

## OFFICIAL RECEIPT



**JOHN F. WARREN**
**COUNTY CLERK**
600 COMMERCE
DALLAS, TEXAS 75202

**JASON LEBOEUF**
**2435 N CENTRAL EXPY STE 1200**
**RICHARDSON TX  75080-2747**

**September 11, 2019**

### Cause No. CC-19-05426-D

### JAMES SUMMERS; FELICITAS SUMMERS

*Plaintiff(s)*

vs.

### LIBERTY SAVINGS BANK, FSB

*Defendant(s)*

### NOTICE OF HEARING

Pursuant to TRCP 680 Judge Rosales is continuing your Temporary Injunction for 14 days. Your new hearing date on the TEMPORARY INJUNCTION has been set for:

### September 27, 2019, at 10:30 AM

in the County Court at Law No. 3, George Allen Courts Building, 600 Commerce, 5th floor Dallas, Texas  75202

SIGNED this  11th day of September, 2019

DEPUTY CLERK
County Court At Law No. 4



**JOHN F. WARREN**
**COUNTY CLERK**
600 COMMERCE
DALLAS, TEXAS 75202

**LIBERTY SAVINGS BANK, FSB**
**C/O ITS CORPORATE OFFICER**
**3435 AIRBORNE ROAD SUITE B**
**WILMINGTON OH  45177**

**September 11, 2019**

**Cause No. CC-19-05426-D**

**JAMES SUMMERS; FELICITAS SUMMERS**

     *Plaintiff(s)*

vs.

**LIBERTY SAVINGS BANK, FSB**

     *Defendant(s)*

## NOTICE OF HEARING

Pursuant to TRCP 680 Judge Rosales is continuing your Temporary Injunction for 14 days. Your new hearing date on the TEMPORARY INJUNCTION has been set for:

**September 27, 2019, at 10:30 AM**

in the County Court at Law No. 3, George Allen Courts Building, 600 Commerce, 5th floor Dallas, Texas  75202

SIGNED this  11th day of September, 2019

DEPUTY CLERK
County Court At Law No. 4



**JOHN F. WARREN**
**COUNTY CLERK**
600 COMMERCE
DALLAS, TEXAS 75202

**FILE COPY**

September 11, 2019

**Cause No. CC-19-05426-D**

**JAMES SUMMERS; FELICITAS SUMMERS**

*Plaintiff(s)*

vs.

**LIBERTY SAVINGS BANK, FSB**

*Defendant(s)*

## NOTICE OF HEARING

Pursuant to TRCP 680 Judge Rosales is continuing your Temporary Injunction for 14 days. Your new hearing date on the TEMPORARY INJUNCTION has been set for:

**September 27, 2019, at 10:30 AM**

in the County Court at Law No. 3, George Allen Courts Building, 600 Commerce, 5th floor Dallas, Texas  75202

SIGNED this  11th day of September, 2019

_____
DEPUTY CLERK
County Court At Law No. 4

# COUNTY COURT AT LAW NO. 4
### GEORGE L. ALLEN, SR. COURTS BUILDING
### 600 COMMERCE STREET, 5TH FLOOR
### DALLAS, TEXAS 75202
### 214-653-7345

Chambers of JUDGE PAULA M. ROSALES                    **September 12, 2019**

JASON LEBOEUF
2435 N CENTRAL EXPY STE 1200
RICHARDSON TX  75080-2747

Cause No.     CC-19-05426-D
Cause Style:   JAMES SUMMERS, FELICITAS SUMMERS vs. LIBERTY SAVINGS
BANK, FSB

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165a, Texas Ruled of Civil Procedure on:
**01/20/2020 @ 9:00 AM**.

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any facts
alleged in your petition in issue, you will be expected to have moved for, and to have heard , a
summary judgment or to have proved up a default order on or prior to that date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire
case, or if you have been unable to obtain service of process, you should plan to appear to obtain a
reset of the dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an unliquidated claim.
Liquidated claims and attorneys fees may be proved up by affidavit submitted with a form of
judgment.

If you should have any questions, please feel free to call us.

Very Truly Yours,


PAULA M. ROSALES
Judge Presiding