UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES SUMMERS AND<br>FELICITAS SUMMERS,<br><br>*Plaintiffs,*<br><br>v.<br><br>LIBERTY SAVINGS BANK, FSB<br><br>*Defendant.* | § § § § § § § § § § § | <br><br><br><br><br><br>Civil Action No. 3:19-cv-2205 |

## DEFENDANT'S COUNTERCLAIM

Defendant Liberty Savings Bank, FSB ("Liberty" or "Counter-Plaintiff" or "Defendant") files this Counterclaim complaining of and asserting the following claims and causes of action against Plaintiffs James Summers and Felicitas Summers ("Plaintiffs" or "Counter-Defendants").

## I.
## PARTIES

1. Liberty Savings Bank, FSB is a federally chartered banking entity and is the party entitled to enforce the Deed of Trust made subject of this suit.

2. Plaintiffs James Summers and Felicitas Summers are the obligors on Deed of Trust made subject of this suit and may be served through their counsel of record.

## II.
## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the parties to this case, as well as subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331.

5. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division under 28 U.S.C. §§ 124(a)(1), 1391(b)(2) and 1446.

## III.
## FACTUAL BACKGROUND

6.  On or about December 4, 1980, in order to purchase the property made subject of this suit, Counter-Defendants executed a Note[1] ("Note") in the principal amount of $158,400. Concurrently with the execution of the Note, Counter-Defendants executed a Deed of Trust[2] ("Deed of Trust ")  (together with the Note, the "Loan Agreement"), which secured repayment of the Note by placing a lien on certain real property and improvements located in Montgomery County, commonly known as 532 Lea Valley Circle, Coppell, Texas 75019 ("Property") and more particularly described as follows:

> **LOT 11, BLOCK 3, OF THE NORTH LAKE WOODLANDS ADDITION, AN ADDITION TO THE CITY OF COPPELL, TEXAS. ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 74189, PAGE 1390, MAP RECORDS, DALLAS COUNTY, TEXAS.**

7.  Counter-Plaintiff Liberty Savings Bank, FSB is the beneficiary of the Deed of Trust through assignment.[3]

8.  Counter-Defendants defaulted under the Note by failing to pay amounts then due and owing. Counter-Defendants were notified of their default under the Note and demand was made on them to pay the past due amounts owing thereunder. Despite such notice and demand, Counter-Defendants failed to pay the amounts then due and owing under the Note.

9.  Payment of the past due balance on the debt has not been received by Counter-Plaintiff. Because of this default, Counter-Plaintiff has elected to accelerate the maturity of the debt.

---

[1] *See* Note attached hereto as Exhibit A.
[2] *See* Deed of Trust attached hereto as Exhibit B.
[3] *See* Assignment attached hereto as Exhibit C.

## IV.
## CAUSE OF ACTION - Foreclosure of the Lien

10. Liberty is beneficiary of the Deed of Trust, is the mortgagee of record and the party entitled to enforce the lien. Liberty asserts a cause of action for judicial foreclosure against Counter-Defendants and seeks judgment allowing Liberty to proceed with foreclosure of its lien against the Property.

11. The Note was made to purchase or refinance a debt against the Property. Counter-Defendants executed and delivered the Deed of Trust conveying the Property in trust as collateral to secure payment and performance of the separate obligations created under the terms and conditions of the Loan Agreement.

12. According to the loan history records, regular monthly payments have not been made in accordance with the terms of the Loan Agreement and the Note is currently due for the September 1, 2015 payment. As of December 27, 2019, the amount required to cure the default is $292,890.97. Prior to the filing of this counterclaim, Counter-Defendants were sent notice to cure the default,[4] as required under the terms of the Loan Agreement. Therefore, there has been a material breach of the Loan Agreement. As a consequence of the failure to cure the default, Counter-Plaintiff accelerated the maturity of the debt. Therefore, there has been a material breach of the Loan Agreement.

13. Liberty seeks to foreclose the Property encumbered by the Deed of Trust in accordance with the terms of the Deed of Trust. Counter-Defendants and all persons taking an interest in the encumbered Property should be divested of all right, title and interest in the Property after the foreclosure sale.

---

[4] *See* Notice of Default attached hereto as Exhibit D.

14. After foreclosure of the Property, Liberty requests the Court issue a writ of possession and Counter-Defendants, and anyone taking an interest under Counter-Defendants, should be dispossessed of the Property.

15. Based on Counter-Defendants' breach of their respective obligations under the Loan Agreement, Counter-Plaintiff Liberty has been damaged in an amount of the payoff of the loan and is further entitled to attorney fees, costs of court, interest, and all other fees and costs allowed under the terms and conditions of the Loan Agreement.

16. Further, Counter-Plaintiff seeks the attorney fees, costs, and expenses incurred and continuing to incur in pursuing this litigation pursuant to applicable law and the Note and Deed of Trust.

17. Counter-Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment. Counter-Plaintiff seeks a judgment for foreclosure together with an order of sale issued to the sheriff or constable of the county where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the judgment.

## V.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiff prays that the Court grant the relief requested herein and that the Summers take nothing by way of their claims. Counter-Plaintiff Liberty further prays that it be awarded such other relief, whether at law or in equity, to which they may be justly entitled.

Respectfully submitted,

By: */s/ Mark D. Hopkins*
Mark D. Hopkins
Hopkins Law, PLLC
State Bar No. 00793975
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
mark@hopkinslawtexas.com

OF COUNSEL for
**CODILIS & MOODY, P.C.**

Danya Gladney
State Bar No. 24059786
CODILIS & MOODY, P.C.
400 North Sam Houston Parkway East
Suite 900A
Houston, Texas 77060
(281) 925-5243
(281) 925-5343 Fax
Danya.Gladney@tx.cslegal.com

**ATTORNEYS FOR DEFENDANT /
COUNTER PLAINTIFF
LIBERTY SAVINGS BANK, FSB**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

**VIA E-SERVICE:**

VILT AND ASSOCIATES, P.C.

Robert C. Vilt
5177 Richmond Avenue, Suite 1142
Houston, tExas 77056
clay@viltlaw.com

Jason A. Leboeuf
Kerry Prisock
Richardson Telecom
2435 North Central Expressway, Suite 1200
Richardson, Texas 75080
jason@viltlaw.com
kerry@viltlaw.com

**ATTORNEYS FOR PLAINTIFFS**

/s/ Mark D. Hopkins
Mark D. Hopkins