# EXHIBIT B

# DEED OF TRUST

09-10- 74980     2135

9.00 DETR
0   1 12/09/80

THIS DEED OF TRUST is made this 4th day of December 1980,
among the Grantor, JAMES M. SUMMERS AND WIFE, FELICITAS SUMMERS
(herein "Borrower"),
John T. Simms (herein "Trustee"), and the Beneficiary, GIBRALTAR SAVINGS ASSOCIATION, a corporation organized and existing under the laws of the State of Texas, whose address is 2302 Fannin Street, Houston, Harris County, Texas (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of DALLAS , State of Texas:

LOT 11, BLOCK 3, OF THE NORTH LAKE WOODLANDS ADDITION, AN ADDITION TO THE CITY OF COPPELL, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 74189, PAGE 1390, MAP RECORDS, DALLAS COUNTY, TEXAS.

which has the address of 532 LEA VALLEY CIRCLE, COPPELL,
[Street]                                    [City]

TEXAS 75019                        (herein "Property Address");
[State and Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

TO SECURE to Lender (a) the repayment of the indebtedness evidenced by Borrower's note dated December 4, 1980 (herein "Note"), in the principal sum of ONE HUNDRED FIFTY EIGHT THOUSAND FOUR HUNDRED AND NO\100----- Dollars, with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on JANUARY 1, 2011 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained; and (b) the repayment of any future advances, with interest thereon, made to Borrower by Lender pursuant to paragraph 21 hereof (herein "Future Advances").

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to any declarations, easements or restrictions listed in a schedule of exceptions to coverage in any title insurance policy insuring Lender's interest in the Property.

VOL     PAGE
80239  0710

**TEXAS** 1 to 4 Family 1/76 **FNMA/FHLMC UNIFORM INSTRUMENT**
D.J.-4-1 78

301 - 6 279573

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and interest on any Future Advances secured by this Deed of Trust.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly installments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof.

The Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency within 30 days from the date notice is mailed by Lender to Borrower requesting payment thereof.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any, in the manner provided under paragraph 2 hereof or, if not paid in such manner, by Borrower making payment, when due, directly to the payee thereof. Borrower shall promptly furnish to Lender all notices of amounts due under this paragraph, and in the event Borrower shall make payment directly, Borrower shall promptly furnish to Lender receipts evidencing such payments. Borrower shall promptly discharge any lien which has priority over this Deed of Trust; provided, that Borrower shall not be required to discharge any such lien so long as Borrower shall agree in writing to the payment of the obligation secured by such lien in a manner acceptable to Lender, or shall in good faith contest such lien by, or defend enforcement of such lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require; provided, that Lender shall not require that the amount of such coverage exceed that amount of coverage required to pay the sums secured by this Deed of Trust.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All premiums on insurance policies shall be paid in the manner provided under paragraph 2 hereof or, if not paid in such manner, by Borrower making payment, when due, directly to the insurance carrier.

All insurance policies and renewals thereof shall be in form acceptable to Lender and shall include a standard mortgage clause in favor of and in form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, and Borrower shall promptly furnish to Lender all renewal notices and all receipts of paid premiums. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, provided such restoration or repair is economically feasible and the security of this Deed of Trust is not thereby impaired. If such restoration or repair is not economically feasible or if the security of this Deed of Trust would be impaired, the insurance proceeds shall be applied to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower. If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

Unless Lender and Borrower otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of the monthly installments referred to in paragraphs 1 and 2 hereof or change the amount of such installments. If under paragraph 18 hereof the Property is acquired by Lender, all right, title and interest of Borrower in and to any insurance policies and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition shall pass to Lender to the extent of the sums secured by this Deed of Trust immediately prior to such sale or acquisition.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents. If a condominium or planned unit development rider is executed by Borrower and recorded together with this Deed of Trust, the covenants and agreements of such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider were a part hereof.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest, including, but not limited to, disbursement of reasonable attorney's fees and entry upon the Property to make repairs. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law. Borrower shall pay the amount of all mortgage insurance premiums in the manner provided under paragraph 2 hereof.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable from time to time on outstanding principal under the Note unless payment of interest at such rate would be contrary to applicable law, in which event such amounts shall bear interest at the highest rate permissible under applicable law. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

VOL     PAGE

80239 0711

# NOTE

LOAN NO. 301-632857

US $ 158,400.00

Houston, Harris County, Texas
*City*

December 4 , 19 80

FOR VALUE RECEIVED, the undersigned ("Borrower") promise(s) to pay GIBRALTAR SAVINGS ASSOCIATION, or order, the principal sum of ONE HUNDRED FIFTY EIGHT THOUSAND FOUR HUNDRED AND NO\100———— Dollars, with interest on the unpaid principal balance from the date of this Note, until paid, at the rate of 13.125 percent per annum. Principal and interest shall be payable at 396 W. GREENS ROAD, HOUSTON, TEXAS in consecutive monthly installments of ONE THOUSAND SEVEN HUNDRED SIXTY SEVEN AND 71\100———— Dollars (US $ 1,767.71 ), on the First day of each month beginning FEBRUARY 1 , 19 . Such monthly installments shall continue until the entire indebtedness evidenced by this Note is fully paid, except that any remaining indebtedness, of not sooner paid, shall be due and payable on JANUARY 1, 2011 .

If any monthly installment under this Note is not paid when due and remains unpaid after a date specified by a notice to Borrower, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder. The date specified shall not be less than thirty days from the date such notice is mailed. The Note holder may exercise this option to accelerate during any default by Borrower regardless of any prior forbearance. If suit is brought to collect this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of suit, including, but not limited to, reasonable attorney's fees.

Borrower shall pay to the Note holder a late charge of four (4%) percent of any monthly installment not received by the Note holder within fifteen (15) days after the installment is due.

Borrower may prepay the principal amount outstanding in whole or in part. The Note holder may require that any partial prepayments (i) be made on the date monthly installments are due and (ii) be in the amount of that part of one or more monthly installments which would be applicable to principal. Any partial prepayment shall be applied against the principal amount outstanding and shall not postpone the due date of any subsequent monthly installments or change the amount of such installments, unless the Note holder shall otherwise agree in writing.

Presentment, notice of dishonor, and protest are hereby waived by all makers, sureties, guarantors and endorsers hereof. This Note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address stated below, or to such other address as Borrower may designate by notice to the Note holder. Any notice to the Note holder shall be given by mailing such notice by certified mail, return receipt requested, to the Note holder at the address stated in the first paragraph of this Note, or at such other address as may have been designated by notice to Borrower.

The indebtedness evidenced by this Note is secured by a Deed of Trust, dated December 4 , 1980 , and reference is made to the Deed of Trust for rights as to acceleration of the indebtedness evidenced by this Note.

532 LEA VALLEY CIRCLE
_____
Property    Address

JAMES M. SUMMERS

FELICITAS SUMMERS

COPPELL, TEXAS 75019
_____
City  State  Zip

*(Execute Original Only)*

Texas - 1 to 4 Family - 8/79 FNMA/FHLMC Uniform Instrument
N-9-1/80

PAY TO THE ORDER OF THE FEDERAL HOME LOAN BANK OF CINCINNATI WITHOUT RECOURSE OR WARRANTY.
Liberty Savings Bank, FSB

*Jerome Lorek*

Jerome Lorek, Accounting Vice President

*Suzan Kranje*

Suzan D. Kranje, Executive Vice President and Chief Financial Officer and Treasurer

PAY TO THE ORDER OF THE FEDERAL HOME LOAN BANK OF CINCINNATI WITHOUT RECOURSE OR WARRANTY.
Liberty Savings Bank, FSB

*Jerome Lorek*

Jerome Lorek, Accounting Vice President

*Suzan Kranje*

Suzan D. Kranje, Executive Vice President and Chief Financial Officer and Treasurer

FGMC # 091074980
SUMMERS

# RIDER TO NOTE

BORROWER:                                    LOAN NUMBER: 301-632857
JAMES M. SUMMERS\FELICITAS SUMMERS

AMOUNT: 158,400.00          DATED: December 4, 1980    PAYEE: Gibraltar Savings Association

For value received, in consideration of credit extended, or to be extended, by Gibraltar Savings Association, Houston, Texas ("Lender"), the undersigned ("Borrower") agree(s) that the Promissory Note of even date to which this Rider is attached ("Note") shall be subject to the following provisions, notwithstanding any provisions to the contrary contained in said Promissory Note or the Deed of Trust securing same:

1.  **Prepayment.** Borrower may prepay the principal amount outstanding in whole or in part; the Lender may require that any partial prepayments: (i) be made on the date monthly installments are due, and (ii) be in the amount of that part of one or more monthly installments which would be applicable to principal. Any partial prepayment shall be applied against the principal amount outstanding and shall not postpone the due date of any subsequent monthly installments or change the amount of such installments, unless the Lender shall otherwise agree in writing. For prepayment within five (5) years from inception of the Note, Borrower, shall pay to the Lender a prepayment penalty in an amount equal to    90    days' interest at the rate of interest in effect at the time(s) of payment on that part of the total prepayments made in any one calendar year which exceed twenty percent (20%) of the original amount of this Note. At any time after five years from the date of this Note, Borrower shall have the privilege of making additional payments on principal without prepayment charge for such payment.

2.  **Late Charges.** At the option of the holder of the Note, Borrower will pay a "late charge" not exceeding five per cent (5%) of any payment due under the terms of the Note or the Deed of Trust securing it if Lender receives said payment more than fifteen (15) days after the due date thereof. Receipt by Lender shall be deemed to occur when payment is in possession of Lender, not upon deposit of payment with the United States Postal System or a private carrier.

3.  **Transfer of the Property; Assumption.** Lender may, at its option, require prepayment of a reasonable fee for its services in processing a request for Lender's consent to an assumption of the indebtedness secured by this Deed of Trust.

If Borrower sells or transfers all or part of the property without Lender's prior written consent, Lender may declare the entire indebtedness due and payable. Lender may return at any time all payments tendered by Borrower's successor in interest. Lender shall not be deemed to have waived its option to accelerate maturity of all sums secured by this Deed of Trust by accepting one or more payments from Borrower's successor in interest. Any payments accepted by Lender prior to its written consent shall be conclusively deemed to have been paid in behalf of Borrower.

In Lender's sole discretion, Lender may withhold its consent to the assumption of the Note and obligations secured by this Deed of Trust, or Lender may condition its consent to all transfers and assumptions by Borrower and Borrower's successor in interest (except transfers occurring by operation of law) upon Lender's receiving during the remaining term of the Note a greater rate of interest. Notwithstanding any provision in conflict herewith in the Note or the Deed of Trust, Lender's consent to the assumption of the Note and Deed of Trust obligations shall not discharge or release Borrower from such obligations.

4.  **No Interest Shall Be Paid on Escrowed Funds (Impounds).** Borrower shall pay in equal monthly installments, in addition to interest and principal payments, the equivalent of one-twelfth (1/12) of the estimated annual taxes, assessments, and insurance premiums on the real estate security. In receiving such funds, Lender assumes no fiduciary relationship with Borrower. Lender may commingle such funds with its own funds to use for general corporate purposes. By payment, from escrowed funds, of taxes, insurance or other charges, when due, Lender shall be discharged from any duty to Borrower arising from such matters; and Lender shall have no duty to pay interest on escrowed funds.

Hereafter, if required by law to pay interest on such funds, Lender may, at its option: (a) return to Borrower the balance of such funds without further obligation to render escrow services; or (b) continue escrow services upon reasonable charges.

5.  **Termination of Rider; Binding Effect.** In the event the Note to which this Rider is attached shall be assigned, transferred or sold to the Federal Home Loan Mortgage Corporation, Federal National Mortgage Association or

# RIDER TO NOTE

BORROWER:                                                LOAN NUMBER: 301-632857
JAMES M. SUMMERS\FELICITAS SUMMERS

AMOUNT: 158,400.00      DATED: December 4, 1980      PAYEE: Gibraltar Savings Association

For value received, in consideration of credit extended, or to be extended, by Gibraltar Savings Association, Houston, Texas ("Lender"), the undersigned ("Borrower") agree(s) that the Promissory Note of even date to which this Rider is attached ("Note") shall be subject to the following provisions, notwithstanding any provisions to the contrary contained in said Promissory Note or the Deed of Trust securing same:

1. **Prepayment.** Borrower may prepay the principal amount outstanding in whole or in part; the Lender may require that any partial prepayments: (i) be made on the date monthly installments are due, and (ii) be in the amount of that part of one or more monthly installments which would be applicable to principal. Any partial prepayment shall be applied against the principal amount outstanding and shall not postpone the due date of any subsequent monthly installments or change the amount of such installments, unless the Lender shall otherwise agree in writing. For prepayment within five (5) years from inception of the Note, Borrower, shall pay to the Lender a prepayment penalty in an amount equal to      90      days' interest at the rate of interest in effect at the time(s) of payment on that part of the total prepayments made in any one calendar year which exceed twenty percent (20%) of the original amount of this Note. At any time after five years from the date of this Note, Borrower shall have the privilege of making additional payments on principal without prepayment charge for such payment.

2. **Late Charges.** At the option of the holder of the Note, Borrower will pay a "late charge" not exceeding five per cent (5%) of any payment due under the terms of the Note or the Deed of Trust securing it if Lender receives said payment more than fifteen (15) days after the due date thereof. Receipt by Lender shall be deemed to occur when payment is in possession of Lender, not upon deposit of payment with the United States Postal System or a private carrier.

3. **Transfer of the Property; Assumption.** Lender may, at its option, require prepayment of a reasonable fee for its services in processing a request for Lender's consent to an assumption of the indebtedness secured by this Deed of Trust.

If Borrower sells or transfers all or part of the property without Lender's prior written consent, Lender may declare the entire indebtedness due and payable. Lender may return at any time all payments tendered by Borrower's successor in interest. Lender shall not be deemed to have waived its option to accelerate maturity of all sums secured by this Deed of Trust by accepting one or more payments from Borrower's successor in interest. Any payments accepted by Lender prior to its written consent shall be conclusively deemed to have been paid in behalf of Borrower.

In Lender's sole discretion, Lender may withhold its consent to the assumption of the Note and obligations secured by this Deed of Trust, or Lender may condition its consent to all transfers and assumptions by Borrower and Borrower's successor in interest (except transfers occurring by operation of law) upon Lender's receiving during the remaining term of the Note a greater rate of interest. Notwithstanding any provision in conflict herewith in the Note or the Deed of Trust, Lender's consent to the assumption of the Note and Deed of Trust obligations shall not discharge or release Borrower from such obligations.

4. **No Interest Shall Be Paid on Escrowed Funds (Impounds).** Borrower shall pay in equal monthly installments, in addition to interest and principal payments, the equivalent of one-twelfth (1/12) of the estimated annual taxes, assessments, and insurance premiums on the real estate security. In receiving such funds, Lender assumes no fiduciary relationship with Borrower. Lender may commingle such funds with its own funds to use for general corporate purposes. By payment, from escrowed funds, of taxes, insurance or other charges, when due, Lender shall be discharged from any duty to Borrower arising from such matters; and Lender shall have no duty to pay interest on escrowed funds.

Hereafter, if required by law to pay interest on such funds, Lender may, at its option: (a) return to Borrower the balance of such funds without further obligation to render escrow services; or (b) continue escrow services upon reasonable charges.

5. **Termination of Rider; Binding Effect.** In the event the Note to which this Rider is attached shall be assigned, transferred or sold to the Federal Home Loan Mortgage Corporation, Federal National Mortgage Association or Government National Mortgage Association, or its successors or assigns, this Rider shall automatically terminate, becoming void and of no force or effect. In such event, the provisions of the Promissory Note and Deed of Trust, absent this Rider, shall continue in full force and effect as if this Rider had not been executed.

If this Note is assigned, transferred, or sold to a federal association, this Rider shall terminate at the option of the holder hereof. Except as otherwise provided herein, this agreement shall bind all parties hereto, their heirs, successors and assigns.

6. **Notices.** Written notice of sale under the powers conferred by the Note and Deed of Trust in the event of default may be given to Borrower by the holder of the Note, by certified mail, at least twenty-one (21) days preceding the date of sale. Such notice may be addressed to Borrower at the most recent address shown by the records of the holder of the Note. Borrower shall notify Lender, in writing, of any change in Borrower's address.

7. If the stated rate of interest in the promissory note in this loan is ten percent (10%) per annum or more, and the maker is not a corporation, the prepayment charge or penalty stated in the note (or the rider to note) will be collected only if required by an agency created by federal law or at such time or under such conditions as may be otherwise authorized by law.

DATED this the 4th day of December , 19 80

_JAMES M. SUMMERS_

_FELICITAS SUMMERS_

THE STATE OF TEXAS §

COUNTY OF ~~xxxxxxx~~ Tarrant §

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared, JAMES M. SUMMERS AND FELICITAS SUMMERS

, known to me to be the person(s) whose name(s) subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this day of December , 19 80 .

(SEAL)

Notary Public in and for Tarrant County, Texas

R-TN-WP-16-9 79

PAY TO THE ORDER OF
INTERFIRST BANK HOUSTON, N.A.
AS CUSTODIAN FOR THE REGISTERED HOLDERS
OF PARTICIPATION CERTIFICATES,
CONVENTIONAL MORTGAGE LOANS,
SERIES _____ WITHOUT RECOURSE.
GIBRALTAR SAVINGS ASSOCIATION

**ENDORSEMENT CANCELLED**

_____
LESLIE J. FLYNNE
SENIOR VICE PRESIDENT AND CONTROLLER

**PAY TO THE ORDER OF**
LIBERTY SAVINGS BANK, F.S.B.

**WITHOUT RECOURSE**
**FIRST MADISON BANK, FSB**

BY: _____
Suzanne Musick, Vice President

PAY TO THE ORDER OF

Without Recourse
Liberty Savings Bank, F.S.B.

_____
Marylyn H. Anderson, Senior Vice President

including, but not limited to, reasonable attorney's fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**20. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**21. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to release of this Deed of Trust, may make Future Advances to Borrower if the Property is not the homestead of Borrower. Such Future Advances, with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**22. Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**23. Substitute Trustee.** Lender at Lender's option, with or without cause, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**24. Subrogation.** Any of the proceeds of the Note utilized to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, however remote, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

**25. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Deed of Trust cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby. In the event that any applicable law limiting the amount of interest or other charges permitted to be collected is interpreted so that any charge provided for in this Deed of Trust or in the Note, whether considered separately or together with other charges that are considered a part of this Deed of Trust and Note transaction, violates such law by reason of the acceleration of the indebtedness secured hereby, or for any other reason, such charge is hereby reduced to the extent necessary to eliminate such violation. The amounts of such interest or other charges previously paid to Lender in excess of the amounts permitted by applicable law shall be applied by Lender to reduce the principal of the indebtedness evidenced by the Note, or, at Lender's option, be refunded.

**26. Vendor's Lien.** The Note secured hereby is primarily secured by the Vendor's Lien retained in the Deed of even date herewith conveying the Property to Borrower, which Vendor's Lien has been assigned to Lender, this Deed of Trust being additional security therefor.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ —Borrower
JAMES M. SUMMERS

_____ —Borrower
FELICITAS SUMMERS

_____ —Borrower

STATE OF TEXAS     Tarrant     County ss:

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared

JAMES M. SUMMERS AND FELICITAS SUMMERS

, known to me to be the person(s) whose name(s) are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 4th day of December , 1980

_____
Notary Public

GF# 95-201 EJ

DEC 9 1980

COUNTY CLERK, Dallas County, Texas

Return to:
Gibraltar Sav. Assn
5710 LBJ Freeway
Suite 200
Dallas, Texas 75240

(Space Below This Line Reserved For Lender and Recorder)

'80 DEC 9 AM 8:57

VOL    PAGE
80239  0713

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, there shall be applied to the sums secured by this Deed of Trust such proportion of the proceeds as is equal to that proportion which the amount of the sums secured by this Deed of Trust immediately prior to the date of taking bears to the fair market value of the Property immediately prior to the date of taking, with the balance of the proceeds paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date such notice is mailed, Lender is authorized to collect and apply the proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

Unless Lender and Borrower otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of the monthly installments referred to in paragraphs 1 and 2 hereof or change the amount of such installments.

**10. Borrower Not Released.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other right or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Captions.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower. subject to the provisions of paragraph 17 hereof. All covenants and agreements of Borrower shall be joint and several. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail, return receipt requested, to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. Uniform Deed of Trust; Governing Law; Severability.** This form of deed of trust combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property. This Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**17. Transfer of the Property; Assumption.** If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Lender shall request. If Lender has waived the option to accelerate provided in this paragraph 17, and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Deed of Trust and the Note.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 18 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**18. Acceleration; Remedies.** Except as provided in paragraph 17 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 14 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorney's fees.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting written notice at least 21 days prior to the day of sale at the courthouse door in each of the counties in which the Property is situated. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Such sale shall be made at public vendue between the hours of 10 o'clock a.m. and 4 o'clock p.m. on the first Tuesday in any month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in such order as Trustee may determine. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold in fee simple with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in Trustee's deed shall be prima facie evidence of the truth of the statements contained therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's fees and attorney's fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

If the Property is sold pursuant to this paragraph 18, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

**19. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust, the Note and notes securing Future Advances, if any, had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust and in enforcing Lender's and Trustee's remedies as provided in paragraph 18 hereof,