## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES SUMMERS AND** | § | |
| **FELICITAS SUMMERS,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-cv-2205** |
| | § | |
| **LIBERTY SAVINGS BANK, FSB,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S BRIEF IN SUPPORT
## OF MOTION FOR SUMMARY JUDGMENT

DATE:        September 9, 2020.

Respectfully submitted,

By:      */s/ Mark D. Hopkins*
      Mark D. Hopkins
      Hopkins Law, PLLC
      State Bar No. 00793975
      3 Lakeway Centre Ct., Suite 110
      Austin, Texas 78734
      (512) 600-4320
      mark@hopkinslawtexas.com

      OF COUNSEL for
      **CODILIS & MOODY, P.C.**

      Danya Gladney
      State Bar No. 24059786
      CODILIS & MOODY, P.C.
      400 North Sam Houston Parkway East
      Suite 900A
      Houston, Texas 77060
      (281) 925-5243
      (281) 925-5343 Fax
      Danya.Gladney@tx.cslegal.com

      **ATTORNEYS FOR DEFENDANT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................ iv

I.   PROCEDURAL BACKGROUND & SUMMARY ................................................. 1

II.  FACTUAL BACKGROUND ................................................................................. 2

III. SUMMARY JUDGMENT EVIDENCE ................................................................ 4

IV.  STANDARD OF REVIEW ................................................................................... 4

V.   ARGUMENT AND AUTHORITIES .................................................................... 6

   A.   Plaintiffs' Claim for Violation of RESPA Fails. ............................................ 6

   B.   Plaintiffs' Claim for Promissory Estoppel Fails. .......................................... 8

      i.   Statute of Frauds Bars Promissory Estoppel ............................................ 8

      ii.  Economic Loss Rule Bars Promissory Estoppel Claim ............................ 9

      iii. No Justifiable Reliance Defeats Claim for Promissory Estoppel ............. 10

   C.   Plaintiffs' Claim for Breach of Contract Fails. ............................................ 10

      i.   Prior Breach by Borrowers Preclude their Breach of Contract Claim. ........... 10

      ii.  Violation of RESPA Does Not Give Rise to a Breach of Contract Claim. ........ 11

      iii. Representation to Delay Foreclosure Not Actionable Per the Statute of Frauds. ......... 12

   D.   Plaintiffs' Claim for Negligent Misrepresentation Fails. ............................. 12

      i.   Economic Loss Doctrine Bars Recovery for Negligent Misrepresentation. ........ 13

      ii.  Promise of Future Action Does Not Support a Negligent Misrepresentation Claim. .... 14

   E.   Plaintiffs' Claim for Common Law Fraud Fails. .......................................... 15

      i.   Fraud Claim does not Comply with Fed. R. Civ. P. 9. ........................... 15

      ii.  Fraud Claim Fails Due to the Statute of Frauds. ..................................... 15

   F.   Plaintiffs' Claim for Violations of the Texas Debt Collection Act Fail. ............ 17

      i.   TDCA Claims Barred by the Economic Loss Rule. ............................... 17

ii.   TDCA Claim Barred by the Statute of Frauds. .......................................................... 18

iii.   Alleged Acts of Liberty do not Violate the TDCA. ..................................................... 19

G.   Plaintiffs' Claim for Breach of Duty of Cooperation Fails. ................................................. 22

H.   Plaintiffs are not Entitled to Injunctive Relief. .................................................................. 24

I.   Counterclaim for Foreclosure. ............................................................................................ 24

VI.   CONCLUSION ........................................................................................................................ 25

CERTIFICATE OF SERVICE ......................................................................................................... 26

# TABLE OF AUTHORITIES

## CASES

*Abhane v. Mabe,*
  No. A-14-CA-330-SS, 2014 WL 12480001, *4 (W.D. Tex. Aug. 4, 2014) ........................... 21

*Airborne Freight Corp. Inc. v. C.R. Lee Enters., Inc.,*
  847 S.W.2d 289, 295 (Tex. App.—El Paso 1992, writ denied) ................................................. 13

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242, 248 (1986) ........................................................................................................... 5

*Bank of Tex., N.A. v. Gaubert,*
  286 S.W.3d 546, 556 (Tex.App.-Dallas, 2009, pet. dism'd w.o.j.) ........................................... 12

*Barcenas v. Fed. Home Loan Mortg. Corp.,*
  No. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) ......................................... 24

*BCY Water Supply Corp. v. Residential Inv., Inc.,*
  170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied) ................................................... 14

*Birchler v. JPMorgan Chase Bank, N.A.,*
  No. 4:14-CV-81, 2015 WL 1939438 (E.D. Tex. Apr. 29, 2015) ................................. 17, 18, 19

*Brison v. Universal American Mort. Co.,*
  No. G-13-463, 2014 WL 4354451, * 7 (S.D. Tex. 2014 ......................................................... 21

*Brown v. Ke-Ping Xie,*
  260 S.W.3d 118, 122 (Tex. App. - Houston [1st Dist.] 2008, no pet.) ..................................... 24

*Burkett v. Lake Cntry Property Owners Ass'n,*
  No. 02-13-00090-CV, 2014 WL 1510137, at *2 (Tex. App..—Fort Worth Apr. 17, 2014) ...... 9

*Bynane v. The Bank of New York Mellon,*
  No. H-15-2901, 2015 WL 8764272, * 8 (S.D. Tex. Dec. 15, 2015) ........................................ 21

*Caldwell v. Flagstar Bank, FSB,*
  No. 3:12-CV-1855-K-BD, 2013 WL 705110  at *6 (N.D. Tex. Feb. 4, 2013) ........................ 18

*Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.,*
  184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied) ................................................. 23

*Celotex Corp. v. Catrett,*
  477 U.S. 317, 323 (1986) ........................................................................................................... 5

*Cross v. Cummins Engine Co.*,
    993 F.2d 112, 114 (5th Cir. 1993) ........................................................... 5

*De Franceschi v. BAC Home Loans Servicing, L.P.*,
    477 Fed. Appx. 200, 205 (5th Cir. 2012)................................................... 14

*Deuly v. Chase Home Finance LLC*,
    2006 WL 1155230, at *2 (S.D. Tex. 2006) ................................................ 16

*Doss v. Homecoming Financial Network*, Inc.,
    210 S.W.3d 706, 713 (Tex. App.—Corpus Christi 2006, pet. denied).................... 10

*DRC Parts v. VM Motori*,
    112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.], 2003)............................ 16

*Ebrahimi v. Caliber Home Loans, Inc.*,
    No. 05-18-00456-CV, 2019 WL 1615356 (Tex. App. —Dallas Apr. 15, 2019)...................... 9

Edwards v. Ocwen *Loan* Servicing, *LLC*,
    No. 9:10cv89, 2012 WL 844396, at *6 (E.D. Tex. Mar. 12, 2012)......................... 15

*EEOC v. Chevron Phillips*,
    570 F.3d 606, 612 n. 3 (5th Cir. 2009) ...................................................... 5

*El Paso Healthcare Sys., Ltd. v. Piping Rock Corp.*,
    939 S.W.2d 695, 699 (Tex. App.—El Paso 1997, writ denied)................................ 9

*Ellen v. F.H. Partners, LLC*,
    No. 03-09-00310-CV, 2010 WL 4909973, at *5 (Tex. App.—Austin
    Dec. 1, 2010, no pet.)........................................................................ 8

*Elston v. Resolution Servs., Inc.*,
    950 S.W.2d 180, 185 (Tex. App.—Austin 1997, no writ)...................................... 22

*Ernst & Young, LLP, v. Pacific Mut. Life Ins. Co.*,
    51 S.W.3d 573, 577 (Tex. 2001)........................................................... 15

*Fields v. JPMorgan Chase Bank, N.A.*,
    638 Fed. Appx. 310 (5th Cir. 2016)....................................................... 22

*Ford v. City State Bank of Palacios*,
    44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001, no pet.) ............................ 8

*Garcia v. Karam*,
    276 S.W.2d 255 (Tex. 1955)................................................................ 16

*George–Baunchand v. Wells Fargo Home Mortg., Inc.,*
No. H-10-3828, 2011 WL 6250785, at *8 (S.D. Tex. Dec. 14, 2011)........................................ 8

*Germain v. U.S. Bank Nat'l Assoc., As Trustee,*
920 F.3d 269, 276-77 (5th Cir. 2019) ...................................................................................... 6

*Gilmartin v. KVTV-Channel 13,*
985 S.W.2d 553, 558 (Tex. App.—San Antonio 1998, no pet.)............................................... 10

Gold Kist, Inc. v. Carr,
886 S.W.2d 425, 431 (Tex. App.—Eastland 1994, pet. denied) ............................................... 8

*Graves v. Logan,*
404 S.W.3d 582, 585 (Tex. App.—Houston [1st Dist.] 2010) ........................................... 23, 24

*Gresham v. Wells Fargo Bank, N.A.,*
642 F. App'x 355, 359 (5th Cir. 2016)....................................................................................... 7

*Guaranty Bank v. Lone Star Life Ins. Co.,*
568 S.W.2d 431, 434 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.) ..................................... 9

*Gulf Pipe Line Co. v. Nearen,*
135 Tex. 50, 138 S.W.2d 1065, 1068 (Tex. 1940) .................................................................. 11

*Guzman v. Nationstar Mortg. LLC,*
No. 4:17-cv-00823-O-BP, 2017 WL 6597959, at *2 (N.D. Tex. Dec. 8, 2017),
rec. adopted, 2017 WL 6594799 (Dec. 26, 2017)..................................................................... 8

*H2O Solutions, Ltd. v. PM Realty Grp., LP,*
438 S.W.3d 606, 624 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)............................. 10

*Haase v. Glazner,*
62 S.W.3d 795 (Tex. 2001).................................................................................................... 16

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.,*
302 F.3d 552, 564–65 (5th Cir.2002) ..................................................................................... 15

*Higginbotham v. IndyMac Bank, F.S.B.,*
No. 4:17-CV-00229, 2017 WL 2701939, at *4 (E.D. Tex. June 1, 2017),
*report and recommendation adopted sub nom.*, No. 4:17-CV-00229,
2017 WL 2691241 (E.D. Tex. June 22, 2017)......................................................................... 20

*Hovorka v. Cmty. Health Sys., Inc.,*
262 S.W.3d 503, 508-09 (Tex. App.—El Paso 2008, no pet.) ................................................ 10

*Hugh Symons Group, PLC v Motorola, Inc.,*
  292 F.3d 466 (5th Cir. 2002) ............................................................ 16

*Johnson v. Baylor Univ.*,
  188 S.W.3d 296, 302 (Tex. App.—Waco 2006, pet. denied).................................... 13

*Kelly v. Rio Grande Computerland Grp.,*
  128 S.W.3d 759, 769 (Tex. App.—El Paso 2004, no pet.)...................................... 8

*Kruse v. Bank of New York Mellon,*
  936 F.Supp.2d 790, 794 (N.D. Tex.2013) ................................................ 19, 21

*Kyle v. Countrywide Home Loans*, Inc.,
  232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied) ................................ 25

*Lake v. Cravens,*
  488 S.W.3d 867, 907 (Tex. App.—Fort Worth 2016, no pet.) ................................. 9

*Lawrence v. Fed. Home Loan Mortg. Corp.*,
  808 F.3d 670, 674–75 (5th Cir. 2015) ..................................................... 22

*Little v. Liquid Air Corp.*,
  37 F.3d 1069, 1075 (5th Cir. 1994)......................................................... 5

*Llanes v. U.S. Bank Nat'l Ass'n,*
  No. 3:13-CV-2243-M-BN, 2014 WL 2883922, at *9 (N.D. Tex. June 25, 2014) ................. 17

*Martins v. BAC Home Loans Servicing, L.P.,*
  722 F.3d 249, 256 (5th Cir. 2013) ....................................................... 18

*Matsushita Elec. Co. v. Zenith Radio Corp.*,
  475 U.S. 574, 587 (1986)................................................................... 5

*McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*,
  991 S.W.2d 787. 791 (Tex. 1999)......................................................... 13

*McKeehan v. Wilmington Savings Fund Society, FSB*,
  554 S.W. 3d 692 (Tex. App. - Houston [1st. Dist.])....................................... 25

*Miller v. BAC Home Loans Servicing, L.P.*,
  726 F.3d 717, 726 (5th Cir. 2013) ..................................................... 9, 21

*Milton v. U.S. Bank Nat. Ass'n,*
  508 Fed. Appx. 326 (5th Cir. 2013) ................................................... 12, 14

*"Moore" Burger, Inc. v. Phillips Petroleum Co.*,
  492 S.W.2d 934, 937 (Tex. 1972)...................................................................... 8

*Nelson v. Ocwen Loan Servicing, LLC,*
  No. H-16-778, 2016 WL 7324286, at *8 (S.D. Tex. Nov. 7, 2016) ......................... 17

*Pardy v. Chase Home Fin., L.L.C.,*
  No. 4:10– CV–684, 2012 WL 469868, at *1 (E.D. Tex. Feb. 14, 2012)................................. 19

*Quintanilla v. K–Bin, Inc.,*
  993 F. Supp. 560, 563 (S.D. Tex. 1998) ................................................................. 9

*Ragas v. Tennessee Gas Pipeline Co.*,
  136 F.3d 455, 458 (5th Cir. 1998) ........................................................................ 6

*Ramsey v. Henderson*,
  286 F.3d 264, 269 (5th Cir. 2002) ...................................................................... 5

*Reynolds v. Sw. Bell Tel., L.P.*,
  No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth
  June 29, 2006, pet. denied) ................................................................................... 21

*Rhodes v. Wells Fargo Banks, N.A.,*
  No. 3:10-CV-02347-L, 2013 WL 2090307, at *10 (N.D. Tex. May 14, 2013) ...................... 18

*Scherer v. Angell,*
  253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no. pet) ............................................ 13, 14

*Schuhart v. Chase Home Finance, L.L.C.,*
  No. C-05-385, 2006 WL 1897263, at 2 (S.D. Tex. July 10, 2006).......................................... 16

*Searcy v. CitiMortgage, Inc.,*
  No. 17-10599, 2018 WL 1959531 (5th Cir. Apr. 25, 2018)................................................... 22

*Servin v. Great Western Ins. Co.,*
  No. 04-07-00380-CV, 2008 WL 723321, at *3 (Tex. App.—San Antonio
  Mar. 19, 2008, no pet.)............................................................................................ 10

*Sgroe v. Wells Fargo Bank, N.A.*,
  941 F.Supp.2d. 731, 747 (E.D. Tex. 2013) ................................................................. 11

*Singh v. JPMorgan Chase Bank, N.A.,*
  No. 4:11-CV-607, 2012 WL 3904827, *8 (E.D. Tex. July 31, 2012) ................................ 17, 19

*Singha v. BAC Home Loans Serv., L.P.,*
  564 Fed. Appx. 65, 70–71 (5th Cir. 2014)............................................................ 22

*Smith v. JPMorgan Chase Bank, N.A.*,
   519 Fed. Appx. 861, 864 (5th Cir. 2013) ................................................................... 11

*Sw. Bell Tel. Co. v. DeLanney*,
   809 S.W.2d 493, 493–95 (Tex. 1991) ........................................................................ 9

*Tex. Nat. Bank v. Sandia Mortg. Corp.*,
   872 F.2d 692, 699 (5th Cir. 1989) ............................................................................ 23

*Thomas v. EMC Mortg. Corp.*,
   499 Fed. Appx. 337, 342 (5th Cir. 2012) ................................................................ 14

*Thompson v. Bank of Am. Nat'l Ass'n*,
   783 F.3d 1022, 1026 (5th Cir. 2015) .................................................................. 21, 22

*Turner v. Baylor Richardson Med. Center*,
   476 F.3d 337, 343 (5th Cir. 2007) .............................................................................. 5

*United States ex rel. Hebert v. Dizney*,
   295 Fed. Appx. 717, 724–25 (5th Cir. 2008) ........................................................... 15

*Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*,
   509 Fed.Appx. 367, 369 (5th Cir. 2013) .................................................................. 18

*Wentzell v. JPMorgan Chase Bank*,
   627 F. App'x 314, n.4 (5th Cir. 2015) ........................................................................ 6

*Wildy v. Wells Fargo Bank, N.A.*,
   No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) ...................... 20

## STATUTES

12 C.F.R. § 1024.41(c) ....................................................................................................... 6

12 C.F.R. § 1024.41(d) ....................................................................................................... 6

12 C.F.R. § 1024.41(i) ........................................................................................................ 6

12 C.F.R. § 1024.41 ............................................................................................... 1, 2, 6, 7

Tex. Bus. & Com. Code § 26.01(a) .................................................................................. 16

Tex. Bus. & Com. Code § 26.02(a)(2) ............................................................................... 9

Tex. Bus. & Com. Code § 26.02(b) .............................................................................. 9, 12

Tex. Fin. Code §§ 392.001-392.404 ................................................................................. 19

Tex. Fin. Code § 392.301(a)(8) ........................................................................................ 20

Tex. Fin. Code § 392.303(a)(2) ................................................................ 19

Tex. Fin. Code § 392.304(a)(8) ........................................................... 19, 20

Tex. Fin. Code § 392.304(a)(14) ..................................................... 19, 20, 21

Tex. Fin. Code § 392.304(a)(19) ..................................................... 19, 20, 22

## RULES

Fed. R. Civ. P. 9 ........................................................................... 15

Fed. R. Civ. P. 9(b) ....................................................................... 15

Fed. R. Civ. P. 56 ........................................................................... 1

Fed. R. Civ. P. 56(c) ....................................................................... 5

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Liberty Savings Bank, FSB ("Liberty" or "Defendant") files this Brief in Support of Motion for Summary Judgment requesting that the Court dismiss the claims asserted against them in Plaintiffs James Summers and Felicitas Summers' ("Plaintiffs" or the "Summers") Original Petition, Application for Injunctive Relief and Request for Disclosures (the "Complaint") [Doc. 1-3] and grant summary judgment as to Defendant's claims asserted in its Counterclaim [Doc. 8].

## I.  PROCEDURAL BACKGROUND & SUMMARY

1.      On August 30, 2019, Plaintiffs James Summers and Felicitas Summers filed Plaintiffs' Original Petition, Application for Injunctive Relief, and Request for Disclosures in the County Court at Law No. 4, Dallas County, Texas, bearing Cause Number CC-19-05426-D. The purpose of the lawsuit was to delay foreclosure of the property made subject of this suit. Plaintiffs have previously avoided foreclosure by filing bankruptcy five (5) times[1] in the past. Plaintiffs were also given a Loan Modification[2] in an effort by the lender to assist Plaintiffs in keeping their home.

2.      On September 16, 2019, Defendant Liberty removed this case to the present court based on the Court's diversity jurisdiction. Defendant Liberty filed its Answer on September 23, 2019 [Doc. 4] and its Counterclaim for foreclosure on January 6, 2020 [Doc. 8].

3.      This matter is currently not set for trial.

4.      Plaintiffs' Complaint [Doc. 1-3] largely alleges that Defendant Liberty owed Plaintiffs a duty to consider Plaintiffs for loss mitigation options pursuant to the Real Estate Settlement Procedures Act (RESPA), and specifically 12 CFR §1024.41. Based upon Defendant

---

[1] See Case No. 10-36123-sgj13 in the United States Bankruptcy Court, Northern District of Texas, Dallas Division; Case No. 13-36311-bjh13 in the United States Bankruptcy Court, Northern District of Texas, Dallas Division; Case No. 15-41336-mxm13 in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division; Case No. 17-44027-mxm13 in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division; Case No. 18-42508 in the United States Bankruptcy Court, Eastern District of Texas, Sherman Division.
[2] See Exhibits A and A-5.

Liberty's alleged violation of 12 CFR 1024.41 (which is denied), Plaintiffs brought this lawsuit asserting claims against Liberty for: (1) breach of contract, (2) common law fraud, (3) promissory estoppel, (4) violation of RESPA, (5) violations of the Texas Debt Collection Act, (6) breach of fiduciary duty of cooperation, and (7) negligent misrepresentation.

5.      Liberty responds that it did not violate 12 CFR §1024.41 and has fully complied with all obligations owed to Plaintiffs under the loan. Liberty asserts that the relationship between the parties is strictly defined by the contractual terms contained within the loan documents. The loan documents require Plaintiffs to make monthly mortgage payments, inclusive of principal, interest, and escrow items. As a result of Plaintiffs failing to pay their monthly payments required under the Note, foreclosure proceedings were instituted. Liberty's evidence conclusively establishes that Plaintiffs breached the terms of the loan agreement and proper notices of default and acceleration were provided under the Deed of Trust and Texas Property Code. Plaintiffs' claims for breach of contract, common law fraud, promissory estoppel, violation of RESPA, violations of the Texas Debt Collection Act, breach of fiduciary duty of cooperation, and negligent misrepresentation all fail as a matter of law due to the incontrovertible summary judgment evidence. Further, Liberty is entitled to judgment on its counterclaim for foreclosure based upon the summary judgment evidence.

## II.  FACTUAL BACKGROUND

6.      On December 4, 1980, Plaintiffs executed a Note (the "Note") in the amount of $158,400.00 made payable to Gibraltar Savings Association to obtain a loan on the property commonly known as 532 Lea Valley Circle, Coppell, Texas 75019 (the "Property") and legally described as follows:

**LOT 11, BLOCK 3, OF THE NORTH LAKE WOODLANDS ADDITION, AN ADDITION TO THE CITY OF COPPELL, TEXAS. ACCORDING TO**

**THE MAP THEREOF RECORDED IN VOLUME 74189, PAGE 1390, MAP RECORDS, DALLAS COUNTY, TEXAS.**

7.      The Note requires Plaintiffs to make monthly principal and interest payments on the first day of each month in the amount of $1,767.71 beginning on February 1, 1981, continuing each month until paid in full.[3] The Note provides that Plaintiffs will be in default if they do not pay the full amount of each payment on the date the payment is due. *Id*. If Plaintiffs default, the Note permits the acceleration of the maturity date of the Note, in which event the remaining unpaid balance becomes immediately due and payable in full. *Id*.

8.      Contemporaneously with the execution of the Note, Plaintiffs executed a Deed of Trust (the "Deed of Trust"), which granted a security interest in the Property to secure repayment of the Note.[4] The Deed of Trust provides that Plaintiffs shall pay when due the principal of, and interest on, the debt evidenced by the Note and any late charges due under the Note. The Deed of Trust authorizes Defendant to accelerate the maturity date of the Note and to foreclose on the Property pursuant to a court order should Plaintiffs default. The Note and Security Instrument are collectively referred to herein as the "Loan" or the "Loan Agreement." Liberty Savings Bank, FSB is the beneficiary of the Deed of Trust pursuant to assignment recorded in the official public records of Dallas County, Texas.[5]

9.      Plaintiffs do not deny that they are in default on the monthly payments owed under the Loan. As a result, Plaintiffs have defaulted on their payment obligations under the Loan by failing to submit monthly payments as agreed. The Loan is currently due for the September 1, 2015 payment and all payments that have become due after that date. As a result of Plaintiffs' default, a

---

[3] *See* Exhibits A and A-1.
[4] *See* Exhibits A and A-2.
[5] *See* Exhibits A and A-3.

Notice of Default and Intent to Accelerate was sent to the Plaintiffs on September 20, 2017.[6] As a result of Plaintiffs' failure to cure their default, Liberty accelerated the Note and caused a Notice of Acceleration and a Notice of Foreclosure Sale to be sent to Plaintiffs on August 12, 2019.[7] Through January 30, 2020, the amount necessary to pay off the Loan is $292,890.97.[8]

### III.  SUMMARY JUDGMENT EVIDENCE

10.     Defendant Liberty attaches hereto and incorporates by reference the following exhibits in support of its Motion for Summary Judgment:

| | |
|---|---|
| **Exhibit A** | Declaration of Cenlar FSB as sub-servicer for Liberty Savings Bank, FSB ("Ex. A") is incorporated herein by reference, and authenticates the following exhibits referenced therein: |

| | |
|---|---|
| **Exhibit A-1** | Note; |
| **Exhibit A-2** | Deed of Trust; |
| **Exhibit A-3** | Assignment; |
| **Exhibit A-4** | Notice of Default; |
| **Exhibit A-5** | Loan Modification; |

| | |
|---|---|
| **Exhibit B** | Declaration of Codilis & Moody, P.C. ("Ex. B") is incorporated by reference, and authenticates the following exhibits referenced therein: |

| | |
|---|---|
| **Exhibit B-1** | Notice of Acceleration and Notice of Posting and Foreclosure dated October 15, 2018; and |
| **Exhibit B-2** | Correspondence dated October 15, 2017. |

### IV.  STANDARD OF REVIEW

11.     Summary judgment is proper under Rule 56 of the Federal Rules of Civil Procedure when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

---

[6] *See* Exhibits A and A-4.
[7] *See* Exhibits B and B-1.
[8] *See* Exhibit A.

judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non- movant's case; the movant does not have to support its motion with evidence negating the non- movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

12.    If the movant succeeds, the nonmovant must come forward with evidence "such that a reasonable party could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993).

13.    The non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are also not adequate to satisfy the non-movant's burden. *Little*, 37 F.3d at 1079; *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). Nor are pleadings competent summary judgment evidence. *Little*, 37 F.3d at 1075. A "district court may not make credibility determinations or weigh evidence when deciding a summary judgment motion." *EEOC v. Chevron Phillips*, 570 F.3d 606, 612 n. 3 (5th Cir. 2009). Nor does the court have to

sift through the record in search of evidence to support opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

## V.  ARGUMENT AND AUTHORITIES

### A.  Plaintiffs' Claim for Violation of RESPA Fails.

14.     Plaintiffs allege Defendant is liable under the various rules and regulations under the Consumer Finance Protection Bureau (CFPB), made actionable by the Real Estate Settlement Procedures Act (RESPA). Under the CFPB and RESPA, Plaintiffs claim Defendant (1) violated 12 C.F.R. § 1024.41(c) by failing to send written notice of its denial and by failing to evaluate Plaintiffs for all loss mitigation options and to provide proper notice of such evaluation; and (2) violated 12 C.F.R. § 1024.41(d) by failing to provide a written denial of Plaintiffs' application and the reason(s) for denial of the application. Though Plaintiffs categorize these claims separately, they all fall under the umbrella of these federal statutes and are addressed below.

15.     Defendant did not violate of 12 C.F.R. §1024.41. Plaintiffs allege Defendant violated 12 C.F.R. § 1024.41, et seq by failing to provide them with timely notice that their loan modification was approved or denied and, instead, proceeded with foreclosure sale. However, in order for Plaintiffs to state a claim under RESPA for violation of § 1024.41, Plaintiffs must plead facts to demonstrate that the loan modification application was their first complete loss mitigation application and that they suffered actual damages as a result of Defendant's failure to comply with the loss mitigation procedures established in § 1024.41. *See Germain v. U.S. Bank Nat'l Assoc., As Trustee*, 920 F.3d 269, 276-77 (5th Cir. 2019). Plaintiffs can prove neither.

16.     As stated above, Lenders are only required to comply with 12 C.F.R. §1024.41 for one loss mitigation application. 12 C.F.R. § 1024.41(i). [9]Plaintiffs requested prior loss mitigation

---

[9] *See also Germain*, 920 F.3d at 276; *Wentzel v. JPMorgan Chase Bank*, 627 F. App'x 314, n.4 (5th Cir. 2015) (per curiam) (the regulation "appl[ies] only to a borrower's first loss mitigation application").

assistance, dating back even to 2002, and were given a Loan Modification by the lender to accommodate their loss mitigation request.[10]

17.    Simply put, Plaintiffs were provided prior loss mitigation options as explained above and cannot establish that their request for loss mitigation, made in 2019, was in fact their first complete loss mitigation application. Plaintiffs do not allege—let alone provide factual support—that the loan-modification application in question was either their first application or that the application was in fact complete. In fact, Plaintiff Felicitas Summers even tacitly admitted to requesting prior loss mitigation assistance in a letter sent from her on October 15, 2017. In the October 15th correspondence Mrs. Summers states, "I have received a letter confirming my request for a loan modification. I had not requested a modification in at least three years…".[11] Further, even assuming there was no prior 2002 Loan Modification, outside of Plaintiffs' conclusory statements there is no evidence that Plaintiffs' submission was complete or that it was submitted more than 37 days before the foreclosure sale in order to require Defendant to halt the foreclosure process at any time. *See Gresham v. Wells Fargo Bank, N.A.,* 642 F. App'x 355, 359 (5th Cir. 2016)(dismissing borrower's Section 1024.41 claims because she did not plead and prove that she submitted a complete loss mitigation application more than 37 days before any relevant foreclosure sale).

18.    Next, Plaintiffs fail to establish any damages stemming from any violation of RESPA. Plaintiffs state only that the alleged RESPA violations entitle them to damages, yet do not provide any factual support for any damage. Under RESPA, the borrower is entitled to recover only "actual damages . . . that result from a failure to comply with the [RESPA] statute and the costs allegedly incurred by a plaintiff." *Guzman v. Nationstar Mortg.* LLC, No. 4:17-cv-00823-O-

---

[10] *See* Exhibits A and A-5.
[11] *See* Exhibits B and B-2.

BP, 2017 WL 6597959, at *2 (N.D. Tex. Dec. 8, 2017), rec. adopted, 2017 WL 6594799 (Dec. 26, 2017) (quoting 12 C.F.R. § 1024.41(i)). Plaintiffs plead no actual damage stemming from this alleged RESPA violation. Accordingly, summary judgment is appropriate whereby dismissing Plaintiffs' RESPA claim.

**B.    Plaintiffs' Claim for Promissory Estoppel Fails.**

19.    Plaintiffs assert that Defendant is estopped from foreclosure as Defendant made a promise to process their loan modification, a promise which they allegedly relied. A cause of action for promissory estoppel requires: (1) a promise by the defendant; (2) foreseeable and actual reliance on the promise by the plaintiff to his detriment; and (3) that enforcement of the promise be necessary to avoid an injustice. *See "Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex. 1972); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001, no pet.). Plaintiffs' claim for promissory estoppel fails as detailed below.

i.    <u>Statute of Frauds Bars Promissory Estoppel</u>

20.    Although normally a defensive theory, promissory estoppel is also available as a cause of action to a promisee who has reasonably relied to his detriment on an otherwise unenforceable promise. *See Gold Kist, Inc. v. Carr,* 886 S.W.2d 425, 431 (Tex. App.—Eastland 1994, pet. denied); *Kelly v. Rio Grande Computerland Grp.,* 128 S.W.3d 759, 769 (Tex. App.—El Paso 2004, no pet.). However, in order for Plaintiffs herein to establish their claim for promissory estoppel, they must establish that "the promise must be a promise to sign an already existing written agreement that would itself satisfy the statute of frauds." *See George–Baunchand v. Wells Fargo Home Mortg., Inc.,* 2011 WL 6250785, at *8 (S.D. Tex. Dec. 14, 2011) (citing *Ellen v. F.H. Partners, LLC,* 2010 WL 4909973, at *5 (Tex. App.—Austin Dec. 1, 2010, no pet.)). Herein, all Plaintiffs allege are general allegations that they should have been given

an answer regarding their loss mitigation application. Nowhere in Plaintiffs' pleadings do they allege that Liberty failed to execute an existing written agreement.

21.     Because Plaintiffs' Loan is subject to the statute of frauds, Plaintiffs' promissory estoppel claim is barred. Under Texas law, the statute of frauds applies to loan agreements for amounts exceeding $50,000.00 and requires that they be in writing and signed by the party to be bound in order to be enforceable. Tex. Bus. & Com. Code § 26.02(b). The statute defines "loan agreement" to include promises, promissory notes and deeds of trust. *See* Tex. Bus. & Com. Code § 26.02(a)(2). Because the Loan involves more than $50,000, it is subject to the statute of frauds.[12] If the underlying loan is subject to the statute of frauds, agreements to modify the loan are subject to the statute of frauds as well.[13]

ii.     Economic Loss Rule Bars Promissory Estoppel Claim

22.     Texas courts consistently prohibit tort claims under the economic loss rule if the parties' relationship and attendant duties arise from a contract. *See, e.g., Quintanilla v. K–Bin, Inc.,* 993 F. Supp. 560, 563 (S.D. Tex. 1998); *Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 493–95 (Tex. 1991). Promissory estoppel is not applicable if a valid contract between the parties covers the alleged promise. *El Paso Healthcare Sys., Ltd. v. Piping Rock Corp.*, 939 S.W.2d 695, 699 (Tex. App.—El Paso 1997, writ denied).[14]

23.     Plaintiffs' promissory estoppel claim arises from the allegations that Defendant allegedly promised to modify the existing contract. As pled, Plaintiffs have not alleged that they

---

[12] *See* Exhibits A, A-1 and A-2.

[13] *See, e.g., Ebrahimi v. Caliber Home Loans, Inc.,* No. 05-18-00456-CV, 2019 WL 1615356 (Tex. App. —Dallas Apr. 15, 2019); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013)("It is well-settled in Texas that agreements pertaining to loans in excess of $50,000 must be in writing, including modifications of those agreements.").

[14] Citing *Guaranty Bank v. Lone Star Life Ins. Co.*, 568 S.W.2d 431, 434 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.) ); *see also Lake v. Cravens*, 488 S.W.3d 867, 907 (Tex. App.—Fort Worth 2016, no pet.); *Burkett v. Lake Cntry Property Owners Ass'n*, 2014 WL 1510137, at *2 (Tex. App..—Fort Worth Apr. 17, 2014 ("[T]he promisee cannot [choose to] disregard the contract and sue for reliance damages under the doctrine of promissory estoppel."

have sustained an injury arising from liability independent from the fact that a contract exists between Plaintiffs and Defendant. Consequently, the economic loss rule bars Plaintiffs' promissory estoppel claim.

> iii.     No Justifiable Reliance Defeats Claim for Promissory Estoppel

24.     To state a claim for promissory estoppel under Texas law, Plaintiffs must establish, among other things, that they reasonably and justifiably relied upon an alleged misrepresentation and thereby suffered injury. *See, e.g., H2O Solutions, Ltd. v. PM Realty Grp., LP,* 438 S.W.3d 606, 624 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).[15]

## C.     Plaintiffs' Claim for Breach of Contract Fails.

25.     Under Texas Law, to prevail on their breach of contract claim, Plaintiffs must plead and prove that: (1) Plaintiffs and Defendant are parties to a valid and enforceable contract; (2) Plaintiffs performed, tendered performance, or were excused from performing under the contract; (3) Defendant breached the contract; and (4) Defendant's breach caused Plaintiffs injury. *Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 508-09 (Tex. App.—El Paso 2008, no pet.); *Doss v. Homecoming Financial Network*, Inc., 210 S.W.3d 706, 713 (Tex. App.—Corpus Christi 2006, pet. denied).

> i.     Prior Breach by Borrowers Preclude their Breach of Contract Claim.

26.     In the mortgage context, a borrower who breaches his obligations under the note and deed of trust is precluded from asserting a breach of contract action. See *Sgroe v. Wells Fargo*

---

[15] *Gilmartin v. KVTV-Channel 13,* 985 S.W.2d 553, 558 (Tex. App.—San Antonio 1998, no pet.). But "[r]eliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not justified as a matter of law." *H2O Solutions,* 438 S.W.3d at 624; *see also Servin v. Great Western Ins. Co.,* No. 04-07-00380-CV, 2008 WL 723321, at *3 (Tex. App.—San Antonio Mar. 19, 2008, no pet.) (mem. op.) (holding that reliance on an alleged representation that contradicted terms of a written agreement was unjustified as a matter of law).

*Bank, N.A.*, 941 F.Supp.2d. 731, 747 (E.D. Tex. 2013)[16]. Under *Sgroe*, Plaintiffs are precluded from bringing a breach of contract claim in the present action due to their default under the Note and Deed of Trust. Plaintiffs cannot deny that they are in default under the terms of the loan agreement.[17] Plaintiffs' claim that Liberty breached the Note or Deed of Trust is barred because Plaintiffs were in breach of the Note and Deed of Trust themselves by failing to make the required loan payments as of September 1, 2015.[18] In Texas, "a party to a contract who is himself in default cannot maintain a suit for its breach." *Gulf Pipe Line Co. v. Nearen*, 135 Tex. 50, 138 S.W.2d 1065, 1068 (Tex. 1940).

ii.   Violation of RESPA Does Not Give Rise to a Breach of Contract Claim.

27.   Even assuming Liberty violated RESPA (which it did not), the violation of RESPA by Liberty still would not entitle Plaintiffs to bring a breach of contract claim for the violation. As provided by the Fifth Circuit, "**Federal statutes and regulations can form the basis of a breach of contract claim if the parties expressly incorporate them into their contract**." *Smith v. JPMorgan Chase Bank, N.A.,* 519 Fed. Appx. 861, 864 (5th Cir. 2013)(emp. added). As further explained by the Fifth Circuit in *Smith* in addressing whether RESPA provisions had been incorporated in the parties' loan agreement,

> RESPA's provisions were not expressly incorporated into the contract between the Smiths and Deutsche Bank. The only provision in the deed of trust that references federal law does so in general terms, noting that the deed "shall be governed by federal law and the law of the jurisdiction in which the Property is located." Therefore, the Smiths cannot base their claim for breach of contract on RESPA.

*Id.* at 864.

---

[16] *See also Hall v. U.S. Bank, et al..,* No. 3:17-CV-2802; 2019 WL 1532220 (N.D. Tex. Feb. 26, 2019); *The Sequel Group v. Wilmington Savings Fund,* No. 3:16-cv-2056; 2018 WL 2321987 (N.D. Tex. Mar. 20, 2018).
[17] *See* Exhibit B.
[18] *See* Exhibit A and A-4.

28.     In short, Plaintiffs' only allegation in support of their breach of contract claim is that Liberty violated duties owed to Plaintiffs under RESPA. However, the contract existing between the Plaintiffs and Liberty is limited to the express terms set out in the Note, Deed of Trust and Loan Modification Agreement. Nowhere within any of those documents is there specific language incorporating provisions of RESPA into the contract.

     iii.    Representation to Delay Foreclosure Not Actionable Per the Statute of Frauds.

29.     To the extent Plaintiffs allege that some statement of Liberty, to delay foreclosure while a loss mitigation application was pending, is somehow actionable as a breach of contract, Liberty responds that such a claim is prohibited by the statute of frauds. The Fifth Circuit has previously addressed this exact issue in *Milton v. U.S. Bank Nat. Ass'n.*  In *Milton,* the Fifth Circuit held,

> Plaintiff's breach of contract claim is premised on Ocwen's alleged oral agreement to delay foreclosure until Milton's HAMP application had been processed. An agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable. *See* TEX. BUS. & COM. CODE § 26.02(a), (b); The district court held, and we agree, that because there was no written agreement to delay foreclosure, plaintiff's breach of contract claim is barred by the statute of frauds. *Bank of Tex., N.A. v. Gaubert,* 286 S.W.3d 546, 556 (Tex.App.-Dallas, 2009, pet. dism'd w.o.j.).

*Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. Appx. 326 (5th Cir. 2013)(some internal citations omitted).

**D.    Plaintiffs' Claim for Negligent Misrepresentation Fails.**

30.     Plaintiffs base their negligent misrepresentation claim solely on an allegation that Defendant Liberty failed to manage their loan correctly by instituting foreclosure proceedings while Plaintiffs had an application for modification of the terms of their loan contract pending. Plaintiffs' claim for negligent misrepresentation fails because (1) it is barred by the economic loss doctrine, (2) loss mitigation negotiations do not form the basis for a negligent misrepresentation

claim in Texas, (3) Defendant was not required to delay the foreclosure due to Plaintiffs' subsequent loss mitigation applications, and (4) Plaintiffs have no evidence to support a claim for negligent misrepresentation.

31.     The elements of a cause of action for negligent misrepresentation are: (1) the defendant made a representation to the plaintiff in the course of defendant's business or in a transaction which defendant had an interest in; (2) the defendant supplied false information for the guidance of others; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied upon the representation; and (5) the defendant's negligent misrepresentation proximately caused the plaintiffs injury. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787. 791 (Tex. 1999); *see also Johnson v. Baylor Univ.*, 188 S.W.3d 296, 302 (Tex. App.—Waco 2006, pet. denied).

     i.     <u>Economic Loss Doctrine Bars Recovery for Negligent Misrepresentation.</u>

32.     Under Texas law, negligent misrepresentation is a cause of action recognized in lieu of a breach of contract claim, not usually available where a contract was actually in force between the parties. *Airborne Freight Corp. Inc. v. C.R. Lee Enters., Inc.,* 847 S.W.2d 289, 295 (Tex. App.—El Paso 1992, writ denied); *see Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no. pet) (explaining that "there must be an independent injury, other than breach of contract, to support a negligent misrepresentation finding."). Here, any complaints by Plaintiffs about Defendant's failure to delay foreclosure relate to the parties' contractual relationship under the terms of the Note and Deed of Trust, and cannot, as a matter of law, form the basis of a negligent misrepresentation claim.

ii.   Promise of Future Action Does Not Support a Negligent Misrepresentation Claim.

33.    The Fifth Circuit has specifically examined whether a lender's statements about "reviewing a borrower for loss mitigation" are actionable as negligent misrepresentations. In rejecting the argument that such statements regarding future conduct constitute actionable misrepresentations the Fifth Circuit stated,

> The district court noted, "[a] promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact." *Id.* (quoting *BCY Water Supply Corp. v. Residential Inv., Inc.,* 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied)). The court further found that the Thomases' only evidence in support of their negligent-misrepresentation claim that even possibly alleged an "existing fact" was an affidavit from Pete Thomas stating that "[Appellees] told [the Thomases] their loan modification was in process, and later, that it was in underwriting." The Thomases' attempt to characterize the banks' supposedly broken promises as "existing facts" is unpersuasive and unsupported by the summary-judgment record. **Because representations regarding future loan modifications and foreclosure constitute "promises of future action rather than representations of existing fact," the negligent-misrepresentation claim was properly dismissed.**

*Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 342 (5th Cir. 2012) (some internal citations omitted)(emp. added).

34.    The Fifth Circuit addressed the issue (again) in *Milton v. U.S. Bank Nat. Ass'n.* Therein the Fifth Circuit examined whether a plaintiff stated a viable claim for negligent representation, the alleged misrepresentation being, that the mortgage servicer would not foreclose on the property while a loan modification application was pending. The Fifth Circuit held, "Plaintiff's negligent misrepresentation claim fails because, 'under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort.'" *Milton,* 508 Fed. Appx. 326; relying on, *De Franceschi v. BAC Home Loans Servicing, L.P.,* 477 Fed. Appx. 200, 205 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.)); *see*

*also Edwards v. Ocwen Loan Servicing, LLC,* No. 9:10cv89, 2012 WL 844396, at *6 (E.D. Tex. Mar. 12, 2012).

**E.    Plaintiffs' Claim for Common Law Fraud Fails.**

     i.     <u>Fraud Claim does not Comply with Fed. R. Civ. P. 9.</u>

35.     Plaintiffs' fraud claim is woefully pled and fails to comply with Federal Rule of Civil Procedure 9(b). Plaintiffs fail to state the identity of any speaker alleged to have made fraudulent statements. Plaintiffs have also failed to allege where and when such statements were made. Further, Plaintiffs have failed to explain why the alleged statements were fraudulent. *See, Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564–65 (5th Cir.2002) ("This Court interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (internal quotation marks and citations omitted); also see, *United States ex rel. Hebert v. Dizney,* 295 Fed. Appx. 717, 724–25 (5th Cir. 2008). At best, all that Plaintiffs have alleged is that they wished to apply for a loss mitigation assistance and submitted applications to that end. In response, Plaintiffs allege the received silence. These allegations do not substantiate a cause of action for fraud and fail far below any pleading standard required for a fraud claim in federal court.

     ii.     <u>Fraud Claim Fails Due to the Statute of Frauds.</u>

36.     Plaintiffs' cause of action for common law fraud[19] against Liberty fails as a matter of law. Specifically, Plaintiffs allege that Liberty somehow orally misrepresented that it would not

---

[19] The elements of fraud in Texas are (1.) the defendant made a representation to the plaintiff; (2.) the representation was material; (3.) the representation was false; (4.) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5.) the defendant made the representation with the intent that the plaintiff act on it; (6.) the plaintiff relied on the representation; and (7.) the representation caused the plaintiff injury. *Ernst & Young, LLP, v. Pacific Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex. 2001).

foreclose its deed of trust lien while Plaintiffs' loss mitigation application was pending. However, Plaintiffs' relationship with Liberty is limited to the express terms of the written contracts existing between the parties. A loan agreement performable over thirty years is squarely within the purview of the statute of frauds. Tex. Bus. & Com. Code §26.01(a). If an agreement falls within the statute of frauds, then any matter materially affecting the character or value of the agreement also falls within the statute of frauds. *Schuhart v. Chase Home Finance, L.L.C.,* 2006 WL 1897263, at 2 (S.D. Tex. July 10, 2006)*; Garcia v. Karam,* 276 S.W.2d 255 (Tex. 1955).

37.    A plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds. *Hugh Symons Group, PLC v Motorola, Inc.,* 292 F.3d 466 (5th Cir. 2002)*; Deuly v. Chase Home Finance LLC,* 2006 WL 1155230, at *2 (S.D. Tex. 2006). The Texas Supreme Court has held that the statute of frauds, "bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the statute of frauds." *Schuhart at 3* [relying on *Haase v. Glazner*, 62 S.W.3d 795 (Tex. 2001)]. "A mortgage or other lien upon real estate cannot be given by parol...accordingly ... the alleged modification falls within the statute of frauds...[and] to be enforceable, it must be in writing signed by Defendant." *Schuhart at 4.* Reliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not justified as a matter of law. *DRC Parts v. VM Motori,* 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.], 2003). "If written contracts are to serve a purpose under the law, relative to oral agreements, it is to provide greater certainty regarding what the terms of the transaction are and that those terms will be binding, thereby lessening the potential for error, misfortune, and dispute." *Id.*

38.     Plaintiffs' claim for fraud premised upon the alleged oral representation of the potential delay of foreclosure was required to be in writing fails as a matter of law. Given the foregoing, Plaintiffs' claim is barred by the application of the statute of frauds. Accordingly, Liberty is entitled to summary judgment dismissing Plaintiffs' claim for fraud.

**F.     Plaintiffs' Claim for Violations of the Texas Debt Collection Act Fail.**

39.     Plaintiffs allege that Liberty's conduct in not delaying foreclosure while a presumably complete loss mitigation application was pending creates liability for Liberty under the Texas Debt Collections Practices Act ("TDCA"). As addressed below, Plaintiffs claims are barred by the economic loss rule, the statute of frauds, as well as the reality that the actions complained of do not even constitute debt collection under the Act.

i.     TDCA Claims Barred by the Economic Loss Rule.

40.     First, Plaintiffs' Texas Debt Collection Practices Act ("TDCA") claims are barred by the economic loss doctrine. "Simply put, 'the economic loss doctrine prevents a plaintiff from recovering in tort for a breach of a contractual duty.'" *Nelson v. Ocwen Loan Servicing, LLC,* No. H-16-778, 2016 WL 7324286, at \*8 (S.D. Tex. Nov. 7, 2016) (citing *Birchler v. American Homes 4 Rent,* 2015 WL 1939438, at \*4 (E.D. Tex. Apr. 29, 2015). "District Courts within the Fifth Circuit have applied the economic loss doctrine to TDCA claims premised on alleged misrepresentations where the actions taken by the lender were wrongful only because they violated the agreement between the borrower and lender." *Id.* (citing *Llanes v. U.S. Bank Nat'l Ass'n,* No. 3:13-CV-2243-M-BN, 2014 WL 2883922, at \*9 (N.D. Tex. June 25, 2014); also see, *Singh v. JPMorgan Chase Bank, N.A.,* 2012 WL 3904827, \*8 (E.D. Tex. July 31, 2012) (Court held that independent-injury rule barred plaintiff's claim under the TDCA against the defendant bank because Deed of Trust governed the alleged conduct).

41.     The United States District Court for the Eastern District of Texas specifically examined a TDCA claim against a lender that is almost identical to Plaintiffs' allegations herein. In *Birchler v. JPMorgan Chase Bank*, the borrower alleged that the lender's statements about postponing foreclosure and/or reviewing the borrower for loss mitigation options was actionable under the same TDCA provisions cited by Plaintiffs herein.[20] The *Birchler* court rejected the argument that the statements made by the lender subjected the lender to liability under the TDCA. In rejecting the TDCA arguments, the *Birchler* court stated,

> The mere existence of a tort duty does not necessarily mean that a violation would result in a tort claim. Further, "when the contract spells out the parties' respective rights about a subject matter, the contract, not the common law tort theories, governs any dispute about the subject matter. Thus, the rule restricts contracting parties to contractual remedies for economic losses associated with their relationship, 'even when the breaching might be reasonably viewed as a consequence of a contracting party's negligence.

*Birchler v. JPMorgan Chase Bank, N.A.,* 2015 WL 1939438 (E.D. Tex. 2015).

ii.     <u>TDCA Claim Barred by the Statute of Frauds.</u>

42.     Plaintiffs' claims under the TDCA are barred by the Statute of Frauds. If a loan agreement is subject to the statute of frauds, a modification of the agreement is also subject to the statute of frauds. *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n,* 509 Fed.Appx. 367, 369 (5th Cir. 2013); *see, e.g., Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 256 (5th Cir. 2013). Agreements to modify an existing loan agreement include agreements to delay foreclosure and are subject to the statute of frauds. *Caldwell v. Flagstar Bank, FSB,* No. 3:12-CV-1855-K-BD, 2013 WL 705110  at *6 (N.D. Tex. Feb. 4, 2013); *see Rhodes v. Wells Fargo Banks, N.A.,* No. 3:10–CV–02347–L; 2013 WL 2090307, at *10 (N.D. Tex. May 14, 2013).

---

[20] The *Birchlers* and Plaintiffs herein share the same legal counsel who advanced substantially the same claims in *Birchler* as have been brought herein.

43.     Plaintiffs will likely argue that the statute of frauds does not apply to cases arising out of state statutes. However, as determined by the United States District Court for the Eastern District of Texas, "the statute of frauds does apply to a TDCA claim where, as in the present case, the claim is based upon an alleged oral promise to postpone foreclosure." *Birchler,* 2015 WL 1939438 at *6.[21]

     iii.     <u>Alleged Acts of Liberty do not Violate the TDCA.</u>

44.     To state a claim for violating the TDCA, Plaintiffs must allege facts showing that (1) the debt at issue is a consumer debt; (2) Defendant is a debt collector; (3) Defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiffs; and (5) Plaintiffs were injured as a result of Defendant's wrongful act. Tex. Fin. Code §§ 392.001-392.404.

45.     Plaintiffs specifically allege that Liberty violated the TDCA by: (1) threatening to take an action prohibited by law, specifically seeking to sell the Property at a foreclosure sale in violation of state and federal law in violation of Texas Finance Code Section 392.301(a)(8); (2) using a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt in violation of Texas Finance Code Section 392.304(a)(8); (3) misrepresenting the status or nature of the services rendered by the debt collector in violation of Texas Finance Code Section 392.304(a)(14); and (4) using other false representation or deceptive means to collect a debt in violation of Texas Finance Code Section 392.304(a)(19).

---

[21] Citing, *Kruse v. Bank of New York Mellon,* 936 F.Supp.2d 790, 794 (N.D. Tex.2013); *see also Singh*, 2012 WL 3904827, at *8 *report and recommendation adopted,* 2012 WL 3891060 (E.D. Tex. Sept. 7, 2012) (statute of frauds bars TDCA claim); *Pardy v. Chase Home Fin., L.L.C.,* 4:10– CV–684, 2012 WL 469868, at *1 (E.D. Tex. Feb. 14, 2012) ("Under Texas law, 'a plaintiff may not recover damages in tort for claims arising out of an unenforceable contract under the statute of frauds.'")

46.     Liberty, acting as the mortgage servicer (as defined by the Texas Property Code), provided proper notice of default and an opportunity to cure to Plaintiffs.[22] Counsel for Liberty provided Plaintiffs with proper notice of acceleration.[23] Both notices were provided pursuant to the terms of the Note, the Deed of Trust and the Texas Property Code and were provided in advance of an upcoming foreclosure sale that was halted by Plaintiffs' suit herein. Plaintiffs fail to establish how any of these actions violate §392.301(a)(8), §392.304(a)(8), §392.304(a)(14) or §392.304(a)(19).

47.     Plaintiffs' §392.301(a)(8) claim fails as a matter of law because foreclosure, or threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage. *Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012). Moreover, as indicated *supra*, Defendant is "not required to repeatedly provide notice of default ... before pursuing foreclosure." *Higginbotham v. IndyMac Bank, F.S.B.*, No. 4:17-CV-00229, 2017 WL 2701939, at *4 (E.D. Tex. June 1, 2017), *report and recommendation adopted sub nom.*, No. 4:17-CV-00229, 2017 WL 2691241 (E.D. Tex. June 22, 2017). The summary judgment evidence clearly establishes that Plaintiffs are in default under the terms of the loan agreement and Defendant was entitled to proceed with foreclosure.

48.     Plaintiffs' §392.304(a)(8) claim is meritless because Liberty never misrepresented the character, extent, or amount of Plaintiffs' debt. Each notice sent by or at the direction of Liberty, accurately reflected the amount Plaintiffs owed. Plaintiffs' complaint is that they did NOT receive communications from Liberty, and the failure to communicate (as plaintiffs believe is required under RESPA) has resulted in liability for Liberty under the TDCA. Plaintiffs point to no affirmative statements from Liberty regarding the loan that they believe to be false or misleading.

---

[22] *See* Exhibits A and A-4.
[23] *See* Exhibits B and B-1.

20

In contrast to Plaintiffs' claims that silence can trigger violations of the TDCA, the Fifth Circuit has expressly held that affirmative statements by a lender are required. For a statement to constitute a misrepresentation under the TDCA, the debt collector must have made an affirmative statement that was false or misleading. *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015).[24]

49.    Plaintiffs' §392.304(a)(14) fails as a matter of law. Section 392.304(a)(14) prohibits a party from "Misrepresenting the status or nature of the services rendered by the debt collector." *See,* Tex. Fin. Code §392.304(a)(14). In *Miller v. BAC Home Loans Servicing, L.P.,* the Fifth Circuit examined whether a lender's statements informing a borrower: (1) not to make payments, and (2) that a foreclosure sale was being postponed, while (3) a new loss mitigation application was being reviewed, were actionable under (a)(14). *See, Miller,* 726 F.3d at 723 (. The Fifth Circuit held that the express statement that the scheduled foreclosure sale would be postponed plausibly stated a claim for relief under (a)(14). Borrowers like Plaintiffs often attempt to pigeon hole their TDCA claims under (a)(14) and *Miller,* claiming that foreclosure should have been delayed while a lender reviewed a loss mitigation application. After *Miller,* the courts have been very clear that *Miller* is limited to circumstances in which a sale date was set, the lender informed the borrower that the sale date would be passed, and that the lender was passing the sale date to review a loss mitigation application. *See, Abhane v. Mabe,* 2014 WL 12480001, *4 (W.D. Tex. Aug. 4, 2014).[25]

---

[24] *See also Kruse*, 936 F. Supp. 2d at 792; *see also Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006, pet. denied) (mem. op.).

[25] The *Abhane* Court holding, "But the claim in *Miller* was qualitatively different: the Millers alleged the bank told them not to make payments, told them to submit a modification by June 17, 2010, and told them the bank representative had obtained approval to postpone the June 1 foreclosure sale. The bank then foreclosed on June 1. *Id.* The Fifth Circuit held the bank had at least "promised to *consider* the [modification] application before foreclosing," but did not do so, which stated a claim under section 392.304(a)(14). Here, by contrast, Abhane alleges no such promise. Abhane does not allege CitiMortgage promised to delay foreclosure. At most, Abhane alleges CitiMortgage requested additional documentation from her, at least some of which had previously been provided." (internal citations omitted). *See also Brison v. Universal American Mort. Co.* 2014 WL 4354451, * 7 (S.D. Tex. 2014)[25]; *Bynane v. The Bank of New York Mellon,* 2015 WL 8764272, * 8 (S.D. Tex. 2015) (holding the same).

50.     Plaintiffs' §392.304(a)(19) claim fails as well. The Fifth Circuit, in examining the applicability of 392.304(a)(19) to loan modifications has bluntly stated, "we have previously rejected TDCA claims arising from similar facts: a protracted process of applying for modification that ends in foreclosure." *Thompson,* 783 F.3d at 1027. As explained by the Fifth Circuit in *Thompson,* "Communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its *modification* and thus they do not state a claim under Section 392.304(a)(19)." *Id; Singha v. BAC Home Loans Serv., L.P.,* 564 Fed. Appx. 65, 70–71 (5th Cir.2014); *Fields v. JPMorgan Chase Bank, N.A.*, 638 Fed. Appx. 310 (5th Cir. 2016).

51.     Plaintiffs have no Damages Stemming from the Alleged TDCA Violations. Plaintiffs have not pled any damages as a result of any action taken by Liberty. No action by Defendant ever prevented Plaintiffs, at any time, from paying the amount necessary to cure the default. Additionally, in order to maintain an action under the TDCA, there must be a causal connection between the improper debt collection practice and the harm suffered. *See Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 185 (Tex. App.—Austin 1997, no writ) (holding plaintiff failed to carry his burden because he did not "link" his alleged injuries to the violations of which he complained); *cf. Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 674–75 (5th Cir. 2015) (finding claimed damages too speculative for recovery when plaintiffs provided no evidence that they were entitled to a loan modification). The absence of damages means that the debt collection claims of Plaintiff fail. *Searcy v. CitiMortgage, Inc.,* 2018 WL 1959531 (5th Cir. Apr. 25, 2018).

**G.      Plaintiffs' Claim for Breach of Duty of Cooperation Fails.**

52.     Plaintiffs generally allege that Liberty had a Duty of Cooperation, and in failing to review Plaintiffs for loss mitigation options, breached that duty to Plaintiffs. A duty to cooperate

is implied in every contract in which cooperation is necessary for performance of the contract." *Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied). As noted by the Fifth Circuit, "[A] duty to cooperate implies that one party will not prevent the other party from performing the contract, and such duty 'falls far short of implying a covenant of good faith and fair dealing.'" *Tex. Nat. Bank v. Sandia Mortg. Corp.*, 872 F.2d 692, 699 (5th Cir. 1989).

53.     The *contract* between Plaintiffs and Liberty consists of the Note, Deed of Trust and Loan Modification Agreement. No action taken by Liberty, in reviewing or not reviewing Plaintiffs for additional loss mitigation options, prevented Plaintiffs from performing under the contract. Plaintiffs' argument is actually that Liberty did not timely explore ways with Plaintiffs as to how the contract could potentially be modified. However, nothing within the contract requires either party to agree to a modification of the terms of the contract. At no time did any action taken by Liberty prevent Plaintiffs from making their monthly payments as required by the Note. In fact, Liberty informed Plaintiffs' of the amount that was even required to be paid to cure their default.[26]

54.     The Houston Court of Appeals [1st Dist.] has previously examined the duty of cooperation in the mortgage lending context. In *Graves v. Logan,* the borrower therein sued the note holder claiming that the note holder would not give the borrower a payoff figure for the note. The Houston Court of Appeals rejected the borrower's argument because nothing the lender did prohibited the borrower from complying with the terms of the Note and Deed of Trust. The *Graves* court specifically held,

> [T]his implied duty requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its duties under the contract. Graves did not, however, interfere with Logan's ability to perform Logan's duties under the deed of trust and promissory note. At most, Graves arguably interfered with Logan's pursuit of benefits incidental to the full execution of her obligations under the

[26] *See* Exhibit A-4.

23

> promissory note. *See* [*Case*] at 774 (distinguishing performance of agreement from benefits derived from agreement in determining whether party had duty to cooperate). Logan does not identify any authority that supports the imposition of an implied obligation to provide a payoff amount.

*Graves v. Logan,* 404 S.W.3d 582, 585 (Tex. App.—Houston [1st Dist.] 2010) (select internal citations omitted).

55.     For the same reasons as articulated by the *Graves* court, Plaintiffs' claim for breach of a duty of cooperation fails in this case. Nothing within the contract requires the parties to accommodate the other in attempting to modify the contract as written. Plaintiffs' argument to the contrary is not supported by Texas substantive law.

**H.     Plaintiffs are not Entitled to Injunctive Relief.**

56.     Plaintiffs also seek injunctive relief precluding Liberty from foreclosing on the Property. A request for injunctive relief, however, is not a cause of action itself, but is dependent on an underlying cause of action. See *Brown v. Ke-Ping Xie,* 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.).[27] Because Plaintiffs have not asserted any viable causes of action against Defendant, Plaintiffs are not entitled to any injunctive relief and such request should be denied.

**I.     Counterclaim for Foreclosure.**

57.     Defendant Liberty is entitled to a judgment for foreclosure of the Property. To establish its entitlement to foreclosure, the Bank is required to prove: (1) the existence of a deed of trust, (2) that the debtor was in default under the loan agreement secured by the deed of trust, (3) that an amount of the indebtedness was due and unpaid, and (4) that the property subject to the deed of trust lien was the same property upon which foreclosure was sought. *See Kyle v.*

---

[27] *See also Smith v. Wells Fargo Bank, N.A.*, 2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014); *Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) (holding claim for injunctive relief failed because plaintiffs did not adequately plead any of their substantive legal claims).

*Countrywide Home Loans*, Inc., 232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied); *McKeehan v. Wilmington Savings Fund Society, FSB*, 554 S.W. 3d 692 (Tex. App.—Houston [1st. Dist.]).

58.   The summary judgment evidence conclusively establishes that the Loan Agreement is a Deed of Trust secured by real property made subject of this suit,[28] that Defendant Liberty is the beneficiary of that Deed of Trust,[29] Plaintiffs have failed to make payments due under the Note secured by the Deed of Trust,[30] that the Plaintiffs were provided the proper notice to cure the default and failed to do so,[31] and Plaintiffs are in breach of their loan obligations.[32] Therefore, Defendant Liberty is entitled to judgment for foreclosure.

## VI.  CONCLUSION

WHEREFORE, Defendant Liberty Savings Bank, FSB respectfully requests that the Court grant its Motion for Summary Judgment and dismiss all of Plaintiffs James Summers and Felicitas Summers' claims with prejudice and grant Defendant's request for foreclosure. Defendant further requests that the Court grant it such other and further relief, in law or in equity, to which it may be justly entitled.

---

[28] *See* Exhibit A, A-1 and A-2.
[29] *See* Exhibit A and A-3.
[30] *See* Exhibit A, A-1 and A-2.
[31] *See* Exhibit A and A-4.
[32] *See* Exhibit A, A-1, A-2, A-3, and A-4 and Exhibit B and B-1.

Respectfully submitted,

By:    */s/ Mark D. Hopkins*
       Mark D. Hopkins
       Hopkins Law, PLLC
       State Bar No. 00793975
       3 Lakeway Centre Ct., Suite 110
       Austin, Texas 78734
       (512) 600-4320
       mark@hopkinslawtexas.com

       OF COUNSEL for
       **CODILIS & MOODY, P.C.**

       Danya Gladney
       State Bar No. 24059786
       CODILIS & MOODY, P.C.
       400 North Sam Houston Parkway East
       Suite 900A
       Houston, Texas 77060
       (281) 925-5243
       (281) 925-5343 Fax
       Danya.Gladney@tx.cslegal.com

       **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA ECF:***
Jason A. LeBoeuf
LeBoeuf Law Firm, PLLC
675 Town Square Blvd., Suite 200
Building 1A
Garland, Texas 75040
jason@leboeuflawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

       */s/ Mark D. Hopkins*
       Mark D. Hopkins