IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES SUMMERS AND FELICITAS SUMMERS, §§§§§ Plaintiffs, § v. § LIBERTY SAVINGS BANK, FSB, §§§§ Defendant. | Civil Action No. 3:19-CV-2205 |

PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Plaintiffs James Summers and Felicitas Summers ("Plaintiffs" herein) present this Response and Brief in Opposition to Defendant's Motion for Summary Judgment ("Defendant's MSJ") and respectfully show the Court as follows:

A. SUMMARY

In Plaintiffs' Original Petition, Plaintiffs assert claims against Defendant for breach of contract, fraud, violation of RESA (Real Estate Settlement Procedures Act), violation of the Texas Debt Collection Act, breach of the duty of cooperation, promissory estoppel, and negligent misrepresentation. (*See generally*, Plaintiff's Original Petition).

In its Brief in Support of Defendant's Motion for Summary Judgment (Doc. No. 18) ("MSJ"), Defendant asserts that Plaintiffs' prior material breach and the statute of frauds bar their breach of contract claims. Defendant also asserts that Plaintiffs' claims for fraud, promissory estoppel, and negligent misrepresentation are barred by the economic loss doctrine and statute of frauds. However, Texas state and federal law have held that the economic loss doctrine does not

1

preclude tort claims where the damages, such as here, exist outside of the contract, such as for out of pocket expenses, and mental anguish, which Plaintiffs have alleged and provided evidence.

Finally, the evidence shows that Defendant violated the Texas Debt Collection Act when they attempted to foreclose when Plaintiff was in compliance with a loss mitigation plan. Therefore, Defendant's Motion for Summary Judgment should be denied.

### E.  ARGUMENT AND AUTHORITIES

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that, as a matter of law, the movant is entitled to judgment. *Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir.2003). In a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir.2001). To determine whether a genuine issue exists for trial, the Court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *See Chaplin v. NationsCredit Corp.,* 307 F.3d 368, 371–72 (5th Cir.2002).

**Breach of Contract Claims**

**Defendant Asserts Prior Material Breach Argument**

Defendant alleges that because Plaintiffs had defaulted on the loan prior to entering into loss mitigation options, they are precluded from asserting a breach of contract claim against Defendant. However, that premise does not apply in this case.

"It is illogical for the Court to conclude that Plaintiff cannot enforce [the bank's] obligations, assumed to be contractual which arise after Plaintiff's default merely because Plaintiff is in default." *Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10–cv1174–M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011). Both Texas state courts and federal courts in the Fifth Circuit have

held that "a party's default under a contract will only excuse the other party's performance of the contract's terms that are dependent upon the promises that the defaulting party failed to perform." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239 at 244 (5th Cir. February 26, 2018) (citing *Hanks v. GAB Bus. Servs.*, 644 S.W.2d 707, 708 (Tex. 1982)); *Green Intern, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997). A mortgage lender may have post-default contract obligations that create a cause of action despite the borrower's default. *See Gatling v. CitiMortgage, Inc.*, 2013 WL 1625126, at *6 (S.D. Tex. April 15, 2013); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W. 3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.).

Additionally, the parties had entered into new or separate contracts in the form of the loss mitigation application. There was no prior material breach of the new loss mitigation plan by Plaintiffs on which Defendant could hide behind for its failure to honor those agreements.

**Economic Loss Doctrine and Statute of Frauds Do Not Bar Plaintiff's Claims**

Defendant asserts they are entitled to summary judgment on Plaintiffs' common law fraud, promissory estoppel, and negligent misrepresentation because the economic loss rule and statute of frauds preclude Plaintiff from recovering. Defendant asserts that because there is a contract, namely the Note and Deed of Trust, that economic loss rule precludes Plaintiffs from asserting tort claims. However, Defendant's reliance on the economic loss rule in this case is misplaced.

The Texas Supreme Court has rejected a formulation of the economic-loss rule that "says you can never recover economic damages for a tort claim." *Shellnut v. Wells Fargo Bank, N.A.*, 2017 WL 1538166, at *8 (Tex. App.–Fort Worth Apr. 27, 2017, pet. filed) (citing *JPMorgan Chase Bank, N.A. v. Prof'l Pharmacy II*, 508 S.W.3d 391, 422 (Tex. App.—Fort Worth 2014) (citing *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418 (Tex. 2011)), *judgm't withdrawn & appeal dism'd*, 2015 WL 1119894, at *1 (Tex. App.—Fort Worth Mar. 12, 2015, no pet.) (mem. op.). Texas law specifically provides that when the damages caused by the tort, in this

3

case fraud, arise independently or are not damages normally associated with the contract, then the fraud claim is not barred by the economic loss rule. *Shellnut,* 2017 WL 1538166, at *8; *Phuwadol Thamathitikhun v. Bank of America, N.A.*, 2016 WL 1077822 at *5. (E.D. Tex. March 18, 2016); *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014).

Likewise, the statute of frauds does not preclude Plaintiffs' common law fraud claims. "[T]he Statute of Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds." *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001); *see Hawkins v. Walker*, 233 S.W.3d 380, 396 (Tex. App.—Fort Worth 2007, no pet.). But to the extent a party seeks out-of-pocket damages incurred in relying upon misrepresentations and not simply to attempt to enforce an otherwise unenforceable contract, such a claim will survive. *Haase*, 62 S.W.3d at 799. This application of the statute of frauds has been used with other tort claims, including negligent misrepresentation. *See Heritage Constructors, Inc. v. Chrietzberg Elec., Inc.*, No. 06–14–00048–CV, 2015 WL 3378377, at *8 (Tex. App.—Texarkana Mar. 4, 2015, no pet.) (mem. op.); *Lam v. Phuong Nguyen*, 335 S.W.3d 786, 792 (Tex. App.—Dallas 2011, pet. denied); *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 142 (Tex. App.—Corpus Christi 2006, pet. denied); *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 29–30 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). "The [s]tatute of [f]rauds does not bar a claim for fraud or negligent misrepresentation to the extent a party seeks to recover reliance or out-of-pocket damages …" *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 554 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.); *Pennington v. HSBC Bank USA, N.A.*, 2011 WL 6739609, at *7 (W.D. Tex. Dec. 22, 2011); *Keen v. Suntrust Mortgage, Inc.*, 2012 WL 13001909 at *4.  (E.D. Tex. July 10, 2012).

Here, Plaintiffs clearly plead and asserted evidence of damages consisting of out of pocket expenses and mental anguish, that fall outside of the benefit of the bargain damages. (*See* Plaintiff's

4

Original Petition, paragraphs 46-47; Plaintiff's Declaration, paragraphs 12,13).

### **Violations of the Texas Debt Collection Practices Act ("TDCA")**

Defendants does not refute that they are debt collectors or that Plaintiffs are a consumer under the TDCA. (*See* MSJ). Defendant asserts that Plaintiff's TDCA claims should be dismissed because of the statute of frauds, Plaintiff's own default, and no damages. However, as discussed above, Plaintiffs' evidence shows that separate agreements were entered into between the parties and that Plaintiff was not in default of those agreements. Plaintiff also suffered actual damages. (Plaintiff's Declaration, paragraphs 12,13).

### **Defendant provided false information in the course of attempting to foreclose.**

Affirmative false statements fall within the TDCA. *See Phuwadol Thamathitikhun v. Bank of Am., N.A.*, No. 6:15-CV-390, 2016 WL 1077822, at *5 (E.D. Tex. Mar. 18, 2016). In that case the court denied the defendant bank's motion for summary judgment on Plaintiff's TDCA claims, finding that affirmative false statements, such as that no foreclosure sale date was set when in fact it was, can state a claim under the TDCA. *Id.* at *4.

### **Negligent misrepresentation and Fraud Claims**

Plaintiff has asserted facts and damages arising outside of any contract between the parties, precluding the application of the economic loss rule. "I have suffered lost time damages of at least $1,000 as a direct result of attempting to save the Property from foreclosure and deal with the servicing issues of Defendant. I have also suffered economic damages and attorney fees in excess of $10,500." (*See* Plaintiff's Declaration, paragraph 12). "I have suffered severe mental anguish as a result of Defendant's actions, including but not limited to, loss of sleep, disruption of my work and daily life, stressors on my marriage, and strains on my relationship with friends and family. My mental anguish caused a substantial disruption in my daily routine and job performance. The mental anguish caused by Defendant's conduct, my frustrated efforts to resolve the improper conduct, and

the threatened foreclosure sale, interfered with my ability to sleep and perform normal daily activities." (*Id*. at 13).

Federal District Courts in the Fifth Circuit have consistently held that the economic loss rule does not preclude claims sounding in tort, such as fraud, where the damages fall outside the benefit of the bargain, and the actions of defendants exist independently of the obligations contained in the loan agreements. *See Phuwadol Thamathitikhun v. Bank of Am., N.A.*, No. 6:15-CV-390, 2016 WL 1077822, at *5 (E.D. Tex. Mar. 18, 2016) (denying summary judgment when obligations argued by plaintiffs may have existed independently from the note and/or deed of trust); *Hurd v. BAC Home Loans Servicing, LP,* 880 F.Supp.2d 747, 761 (N.D.Tex.2012) (denying motion to dismiss when plaintiff sought out-of-pocket expenses incurred in reliance on the alleged false statement, including the expense of hiring debt counseling services).

A bank can be found liable to its customers for false statements about the status of a loan. *Federal Land Bank Ass'n v. Sloane,* 825 S.W.2d 439,442 (Tex. 1991). Even a Defendant's accidental false representation can be actionable. *Milestone Props. Inc. v. Federated metals Corp.,* 867 S.W.2d 113, 119 (Tex. App.-Austin 1993, no writ); *Susser Pet. Co. v. Latina Oil Corp.,* 574 S.W.2d 830,832 (Tex. App.-Texarkana 1978, no writ). Justifiable reliance consists of two elements: (1) the Plaintiff must in fact rely on the information, and (2) the reliance must be reasonable. *Scottish Heritable Trust v. Peat Marwick Main & Co.,* 81 F.3d 606,615 (5th Cir. 1996). Plaintiffs believed and relied on Defendant's statements about the status of the loss mitigation applications. (Plaintiff's Declaration, paragraph 12). They suffered economically as well as mentally and emotionally (*Id*.).

## CONCLUSION

For these reasons set forth above, Plaintiffs ask the Court to deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

/s/ Jason A. LeBoeuf
JASON A. LEBOEUF
Texas Bar Number 24032662
Email: jason@leboeuflawfirm.com
LeBoeuf Law Firm, PLLC
675 Town Square Blvd., Suite 200
Building 1A
Garland, Texas 75040
Telephone: 214.206.7423
Facsimile: 214.730.5944

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above referenced document was served on all parties and/or counsel of record via email and/or the Court's ECF system on this 8th day of October 2020.

/s/ Jason A. LeBoeuf
Jason A. LeBoeuf