IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES SUMMERS and | § | |
| FELICITAS SUMMERS, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2205-M-BH |
| | § | |
| LIBERTY SAVINGS BANK, FSB, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation are *Defendant's Motion for Summary Judgment*, filed September 9, 2020 (doc. 18), and *Plaintiff/Counter Defendants' Motion for Judgment on the Pleadings*, filed October 8, 2020 (doc. 26).  Based on the relevant filings, evidence, and applicable law, the motion for summary judgment should be **GRANTED**, and the motion for judgment on the pleadings should be **DENIED.**

**I.  BACKGROUND**

This case involves the attempted foreclosure of real property located at 532 Lea Valley Circle, Coppell, Texas 75019 (the Property). (doc. 1-3 at 6.)[2]  On December 4, 1980, James and Felicitas Summers (Plaintiffs) executed a note (Note) in favor of Gilbraltar Savings Association (Lender) for a loan in the principal amount of $158,400.00. (*See* doc. 19-2.)  Plaintiffs contemporaneously executed a deed of trust (Deed of Trust) that granted a security interest in the Property to Lender to secure repayment of the Note.  (*See* doc. 19-3.)  The Deed of Trust provided Lender the right to accelerate the maturity date of the Note and foreclose and sell the Property upon

---

[1]By *Special Order No. 3-251*, this case was automatically referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

default. (*Id.* at 4.) Under the terms of the Deed of Trust, Plaintiffs would be in default if they failed to timely pay the full amount of each required monthly payment, and subject to acceleration of the loan and foreclosure proceedings on the Property. (*Id.* at 3-4.) On March 3, 1993, Lender executed an assignment of deed of trust (Assignment) assigning the Deed of Trust to Liberty Savings Bank, FSB (Defendant). (doc. 19-4.) At some point, the Note was endorsed to Defendant. (doc. 19-2 at 3.) Cenlar FSB (Servicer) is the servicer of Plaintiffs' mortgage. (doc. 19-1 at 2.)

On March 14, 2002, Plaintiffs and Defendant executed a loan modification agreement (Loan Modification) for the total principal balance of $213,276.42. (doc. 19-6 at 2.) Beginning September 1, 2015, Plaintiffs failed to submit their required monthly payments. (doc. 19-5 at 4.) On September 20, 2017, Defendant sent Plaintiffs a notice of default (Notice of Default) as required under the Note and Deed of Trust. (*Id.* at 4-5.) It explained that Plaintiffs were in default for failure to make required payments, and that the maturity date of the Note and Deed of Trust would be accelerated if the default was not cured on or before October 25, 2017. (*See id.*) On September 27, 2017, Servicer's counsel sent a letter to Ms. Summers notifying her of the debt and amount owed to Defendant, and the thirty-day time frame to dispute the validity of the debt. (*See* doc. 19-9 at 3.) On October 15, 2017, Ms. Summers responded by disputing, among other things, the total amount owed. (*Id.* at 2.) She noted that she had "received a letter confirming [her] request for a loan modification," and that she "had not requested a modification in at least three years, at which time [she] was told that it was 'too late'." (*Id.*)

On October 15, 2018, Servicer's counsel sent Plaintiffs a notice of acceleration (Notice of Acceleration) explaining that they had failed to cure the default, and that the maturity date under the loan documents had been accelerated as a result. (doc. 19-8 at 3, 6.) Also included was a notice of

2

trustee sale (Notice of Trustee Sale) notifying Plaintiffs that the sale of the Property was scheduled to occur on November 6, 2018. (*Id*. at 4, 7.)

Plaintiffs submitted complete loan modification applications to Defendant in January, April, and July 2019. (doc. 25-1 at 1-2.) After each submission, Plaintiffs received a letter from Defendant stating that it had "received the application, it was complete, no further action was needed by Plaintiffs, and that it would be reviewed within 30 days." (*Id.*) When they called to follow up on each application, Defendant would tell them to submit another loan modification application. (*Id.*) In August 2019, Mr. Summers called to inquire about Plaintiffs' third application, and a representative for Defendant told him that a foreclosure sale was set for September 3, 2019, but that they should still submit another application. (*Id.* at 2.) The representative explained that their prior applications were never reviewed because the underwriter team did not have access to all the necessary loan documents for review even though they were in Defendant's possession. (*Id.* at 2-3.)

On August 30, 2019, Plaintiffs filed this lawsuit in County Court at Law No. 4, Dallas County, Texas. (*See* doc. 1-3 at 5-19.) Their state court petition alleges that "Plaintiffs have submitted three complete loan modification applications in 2019 which have not been fully received and ruled upon by Defendant," and that the foreclosure sale set for September 3, 2019, violates state and federal law. (*Id.* at 7-8.) Plaintiffs assert claims for breach of contract, common law fraud, promissory estoppel, breach of duty of cooperation, negligent misrepresentation, and violations of the Real Estate Settlement Procedures Act (RESPA) and the Texas Debt Collection Protection Act (TDCPA). (*Id.* at 8-14.) They seek actual, statutory, and exemplary damages, attorney's fees, and injunctive relief preventing foreclosure of the Property. (*Id.* at 14-16.) On the same day, the state court issued a Temporary Restraining Order (TRO) enjoining the sale of the Property, and the

foreclosure sale was cancelled. (*Id.* at 26-27.)

On September 16, 2019, Defendant removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1331, and it filed a counterclaim for foreclosure of the lien on January 6, 2020. (*See* docs. 1, 8.)  Defendant alleges that it is the "beneficiary of the Deed of Trust, is the mortgagee of record and the party entitled to enforce the lien." (*Id.* at 3.)  It claims that as of September 1, 2015, Plaintiffs have failed to tender payments as contractually agreed to under the Note and Deed of Trust, that they were sent notice to cure the default, and that it accelerated the maturity of the debt when they failed to cure the default. (*Id.*)  Defendant seeks to foreclose on the Property in accordance with the terms of the Deed of Trust, and to divest "all persons taking an interest in the encumbered Property . . . of all right, title and interest in the Property after the foreclosure sale." (*Id.*)  It also seeks to recover the attorney fees, costs, and expenses as permitted under the terms and conditions of the Note and Deed of Trust. (*Id.* at 4.)

On September 9, 2020, Defendant moved for summary judgment on Plaintiffs' claims and its counterclaim. (*See* doc. 18.)  Plaintiffs responded on October 8, 2020, and Defendant replied on October 21, 2020. (docs. 25, 28).  On October 8, 2020, Plaintiffs moved for judgment on the pleadings to dismiss Defendant's counterclaim for foreclosure. (*See* doc. 26.) On October 29, 2020, Defendant responded, and Plaintiffs did not file a reply. (*See* doc. 31.)

## II.  MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists

4

"if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If it "bears the burden of proof on an issue, either because [it] is the plaintiff or as a defendant [it] is asserting an affirmative defense, [it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal quotation omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[3] Rule 56 imposes no obligation for a court "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence

---

[3]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th

Cir. 1994)).  While all of the evidence must be viewed in a light most favorable to the motion's

opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59

(1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's

summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc);

*Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  Summary judgment in favor of the

movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the

existence of an element essential to his case and as to which he will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 322-23.

### III.  PLAINTIFFS' CLAIMS

Defendant moves for summary judgment on Plaintiffs' claims for breach of contract,

common law fraud, promissory estoppel, breach of duty of cooperation, negligent misrepresentation,

violations of RESPA and TDCPA, and injunctive relief, as well as for summary judgment on its

counterclaim for foreclosure. (*See* doc. 18.)

### A.  RESPA

Defendant moves for summary judgment on Plaintiffs' claim that it violated 12 C.F.R. §

1024.41, arguing that the summary judgment evidence demonstrates that they had previously

received a loan modification.  (doc. 19 at 16-17.)

RESPA protects borrowers, in part, by prohibiting predatory practices in the lending and

servicing of federally-related mortgage loans.  *See* 12 U.S.C. §§ 2601(a), 2605-2608; *Val-Com*

*Acquisitions Trust v. Chase Home Fin. LLC*, 3:10-CV-1214-K, 2011 WL 1938146, at *3 (N.D. Tex.

May 19, 2011).  Title 12 C.F.R. § 1024.41, known as Regulation X, is a RESPA-implementing

regulation that sets out the procedures and timeframe for reviewing loss mitigation applications, including the servicer's obligation to provide the borrower written notice, within thirty days of receipt of a complete loss mitigation application, of the loss mitigation options it will offer the borrower, or of the specific reasons for denying the application. *See, e.g.*, 12 C.F.R. § 1024.41(c), (d); *see also Obazee v. The Bank of N.Y. Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *3-4 (N.D. Tex. July 31, 2015). "A servicer is only required to comply with the requirements of [Regulation X] for a single complete loss mitigation application for a borrower's mortgage loan account." 12 C.F.R. § 1024.41(I). Regulation X therefore "only appl[ies] to a borrower's *first* loss mitigation application." *Wentzell v. JPMorgan Chase Bank, Nat'l Ass'n*, 627 F. App'x 314, 318 n.4 (5th Cir. Oct. 2, 2015) (emphasis added); *see, e.g., Allen v. Wells Fargo Bank Nat'l Ass'n*, No. 3:16-CV-0249-D, 2017 WL 3421067, at *4 (N.D. Tex. Aug. 9, 2017) ("[T]he court agrees with [the bank's] position and holds that, under § 1024.41(I), [a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account.") (internal citations omitted); *Bobbitt v. Wells Fargo Bank, N.A.*, No. H-14-387, 2015 WL 12777378, at *3 (S.D. Tex. May 7, 2015) ("The plain text of 12 C.F.R. § 1024.41 does not require compliance with 12 C.F.R. § 1024.41 for multiple loss mitigation applications.").

Here, Defendant proffers evidence showing that Plaintiffs had previously obtained a loan modification in March 2002. (*See* doc. 19-6.) Because the requirements of § 1024.41 apply only for a single complete loss mitigation application, Defendant has met its summary judgment burden on this claim. *See* 12 C.F.R. § 1024.41(i); *Wentzell*, 627 F. App'x at 318 n.4.

The burden now shifts to Plaintiffs to identify a genuine issue of material fact regarding

whether Defendant violated § 1024.41.  By failing to respond to Defendant's argument and evidence showing that they had previously obtained a loan modification, Plaintiffs have abandoned this claim. *See Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2514998, at *7 (N.D. Tex. June 18, 2019) ("When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned.") (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).  Plaintiffs have failed to meet their burden to show a genuine issue of material fact as to their RESPA claim, and Defendant's motion for summary judgment as to this claim should be granted.  *See Germain v. U.S. Bank Nat'l Ass'n*, No. 3:15-CV-1694-M (BT), 2018 WL 1517860, at *4 (N.D. Tex. Mar. 28, 2018), *aff'd sub nom. by Germain v. US Bank Nat'l Ass'n as Tr. for Morgan Stanley Mortg. Loan Tr. 2006-7*, 920 F.3d 269 (5th Cir. 2019) (granting summary judgment on RESPA claim based on second loss mitigation application because RESPA's requirements apply to only one completed loss mitigation application).[4]

## B.    Promissory Estoppel

Defendant moves for summary judgment on Plaintiffs' promissory estoppel claim on the ground that there is no evidence of justifiable reliance. (doc. 19 at 20.)

Although normally a defensive theory, promissory estoppel is also available as a cause of action to a promisee who has reasonably relied to his detriment on an otherwise unenforceable promise. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 761 (N.D. Tex. 2012);

---

[4]Defendant also moves for summary judgment on the RESPA claim on grounds that Plaintiffs have no evidence of the submission of a complete loss mitigation application more than 37 days before the foreclosure sale or of actual damages. (doc. 19 at 17-18.)  Because the claim is otherwise subject to dismissal, it is unnecessary to reach these arguments.

*Kelly v. Rio Grande Computerland Grp.*, 128 S.W.3d 759, 769 (Tex.App.-El Paso 2004, no pet.).[5]

To establish a claim for promissory estoppel, a party must show: (1) a promise; (2) reliance thereon

that was foreseeable to promissor; and (3) substantial reliance by promisee to her detriment. *See*

*McDonald v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-2691-B, 2012 WL 2122168, at *5 (N.D.

Tex. June 11, 2012). Texas courts have emphasized that "estoppel requires a *reasonable* or *justified*

reliance on the conduct or statement of the person sought to be estopped by the person seeking the

benefits of the doctrine." *Traco, a Three Rivers Aluminum Co. v. Arrow Glass Co.*, 814 S.W.2d 186,

190-91 (Tex.App.—San Antonio 1991, writ denied) (citation omitted) (emphasis in original).

Promises that are vague and indefinite cannot support a claim for promissory estoppel. *See Gilmartin*

*v. KVTV–Channel 13*, 985 S.W.2d 553, 558 (Tex.App.—San Antonio 1998, no writ) (explaining that

vague and indefinite promises are not actionable promissory estoppel claims); *see also Montgomery*

*County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 503 (Tex. 1998) (concluding that a plaintiff may not

reasonably or justifiably rely on an indefinite promise).

   To meet its summary judgment burden, Defendant points to the absence of evidence showing

that Plaintiffs justifiably relied on a promise to their detriment. (doc. 19 at 20.) In pointing out the

need for and lack of evidence on this necessary element, Defendant has met its summary judgment

burden. *See Celotex*, 477 U.S. at 325; *see also Traco, a Three Rivers Aluminum Co.*, 814 S.W.2d

at 190-91 (stating that "reasonable or justified" reliance is a necessary element to support an

---

[5]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the Deed of Trust was executed in Texas, and includes a choice of law clause stating that it is to be governed by the "law of the jurisdiction in which the Property is located." (*See* doc. 19-3 at 4); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of performance). The parties do not dispute that Texas law applies.

estoppel claim).

The burden now shifts to Plaintiffs to identify evidence in the record that raises a genuine issue of material fact regarding the reliance requirement.  They provide Mr. Summers' affidavit, which states that he "relied on the written communications and loss mitigation options that were offered and accepted" and submitted loss mitigation applications, but that Defendant "repeatedly broke those plans by failing to process them." (doc. 25-1 at 3.)  This is insufficient to create a material fact issue as to whether Defendant made a promise sufficiently definite to be reasonably relied upon by Plaintiffs, however.  Plaintiffs point to no clear and definite statements guaranteeing that their loss mitigation applications would be reviewed, or to any specifics provided as to timing or the particular conditions upon which their applications would be reviewed.  *See Gilmartin*, 985 S.W.2d at 558 (granting summary judgment on promissory estoppel claim because vague and indefinite promises are not actionable); *see also Evans v. United Air Lines, Inc.*, 62 F.3d 395 (5th Cir. 1995) (finding lack of evidence of justifiable reliance sufficient ground for summary dismissal of claims of promissory estoppel).  Plaintiffs have failed to meet their burden to show a genuine issue of material fact as to their promissory estoppel claim, and Defendant's motion for summary judgment as to this claim should be granted.[6]

## C.    **Breach of Contract**

Defendant moves for summary judgment on Plaintiffs' breach of contract claim, arguing the summary judgment evidence shows that it did not breach a valid and enforceable contract between the parties. (doc. 19 at 20-22.)

---

[6]Defendant also moves for summary judgment on the promissory estoppel claim, arguing that it is barred by the statute of frauds and by the economic loss rule.  (doc. 19 at 18-20.)  Because the claim is otherwise subject to dismissal, it is unnecessary to reach these arguments.

Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the Plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

As noted, Defendant provides the Note, Deed of Trust, and Loan Modification Agreement. (*See* docs. 19-2, 19-3, 19-6.)  It contends that "Plaintiffs' only allegation in support of their breach of contract claim is that [it] violated duties owed to Plaintiffs under RESPA," but "[n]owhere within any of those documents is there specific language incorporating provisions of RESPA into the contract." (doc. 19 at 21-22.)  By pointing to evidence demonstrating that its alleged conduct does not violate any of the express terms in the Note, Deed of Trust, or Loan Modification Agreement, Defendant has met its summary judgment burden on this claim.

The burden now shifts to Plaintiffs to identify evidence raising a genuine issue of material fact regarding whether Defendant's actions breached a valid and enforceable contract between the parties.  Plaintiffs do not dispute that the provisions of RESPA were not incorporated into the Note, Deed of Trust, or Loan Modification Agreement, and they fail to cite to any provision in those loan documents obligating Defendant to review and rule upon the loan modification applications they submitted in 2019.  *See Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (explaining that "a plaintiff must identify a specific provision of the contract that was allegedly breached" to avoid dismissal); *Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1003 (S.D. Tex. 2011) (dismissing a breach of contract claim on a

11

foreclosure action because plaintiffs "fail[ed] to provide the loan documents that were breached and to indicate which provisions were breached"). While they argue that "the parties had entered into new or separate contracts in the form of the loss mitigation application," they do not provide these "new or separate contracts" or identify the provisions they claim Defendant breached. (doc. 25 at 3.) Plaintiffs have failed to identify evidence of record showing that Defendant breached the Note, Deed of Trust, Loan Modification Agreement, or any other valid and enforceable agreement between the parties. *See, e.g., Castillo v. PennyMac Loan Servs., LLC*, No. 3:18-CV-396-M-BH, 2019 WL 4603752, at *9 (N.D. Tex. Aug. 8, 2019), *adopted by* 2019 WL 4597558 (N.D. Tex. Sept. 23, 2019) ("[Plaintiffs] [ ] fail to meet their summary judgment burden because they do not identify a specific provision in any contract that was allegedly breached as a result of the alleged violations of the Texas Property Code."). Because Plaintiffs have failed to meet their burden to show a genuine issue of material fact as to their breach of contract claim, Defendant's motion for summary judgment as to this claim should be granted on this basis.[7]

## D.    <u>Negligent Misrepresentation</u>

Defendant moves for summary judgment on Plaintiffs' claim for negligent misrepresentation because it is based upon a promise of future conduct. (doc. 19 at 24.)

Under Texas law, a claim for negligent misrepresentation requires that a plaintiff show that: (1) the defendant made a representation in the course of business in which he has a pecuniary interest; (2) that the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the

---

[7]Defendant also moves for summary judgment on the basis that Plaintiffs' prior breach precludes their breach of contract claim. (doc. 19 at 20-21.) Because the claim is otherwise subject to dismissal, it is unnecessary to reach this argument.

information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005). "The false information complained of in a negligent misrepresentation claim must be a misstatement of an existing fact rather than a promise of future conduct." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011) (internal citation omitted).

Here, Plaintiffs' petition generally alleges that Defendant misrepresented "the services and loss mitigation options available to Plaintiffs." (doc. 1-3 at 14.) Defendant argues that these alleged misrepresentations are promises of future conduct which cannot support a claim for negligent misrepresentation. (doc. 19 at 24.) By pointing to the absence of evidence to support an essential element of Plaintiffs' negligent misrepresentation claim, Defendant has met its summary judgment burden.

The burden now shifts to Plaintiffs to show a genuine issue of material fact with respect to their negligent misrepresentation claim. Because they have not responded to this argument, they have failed to meet their summary judgment burden on this claim. *See Black*, 461 F.3d at 588 n.1. Plaintiffs therefore have not shown that there is a genuine issue of material fact as to a misstatement of an existing fact by Defendant. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 448 (5th Cir. 2013) (finding "alleged promises that plaintiffs would be eligible for HAMP and the foreclosure sale would be postponed" were promises of future conduct and therefore "not actionable as a negligent misrepresentation tort"); *Westinde v. JP Morgan Chase Bank, N.A.*, No. 3:13-CV-3576, 2014 WL 4631405, at *10 (N.D. Tex. Sept. 16, 2014) (finding purported representations that Plaintiff "would" obtain a loan modification could not form the basis of a negligent misrepresentation claim because it was a statement of future action); *Wiley v. U.S. Bank, N.A.*, No.

3:11-CV-1241, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012) (finding plaintiff's claims relating to promises to provide a loan modification and promises not to foreclose constituted promises of future conduct and could not form the basis of a negligent misrepresentation claim). Defendant's motion for summary judgment as to Plaintiffs' claim for negligent misrepresentation should be granted on this basis.[8]

### E.    <u>Common Law Fraud</u>

Defendant moves for summary judgment on Plaintiffs' fraud claim on the ground that it does not comply with Rule 9(b)'s heightened pleading standard. (doc. 19 at 25.)

In Texas, the elements of common law fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010).

Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were

---

[8]Defendant also moves for summary judgment on Plaintiffs' negligent misrepresentation claim on the ground that it is barred under the economic loss doctrine. (doc. 19 at 23.)  Because the claim is otherwise subject to dismissal, it is unnecessary to reach this argument.

fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations omitted). A dismissal for failure to plead fraud with particularity in accordance with Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

"[W]hile 'failure to state a claim usually warrants dismissal under Rule 12(b)(6),' it may also serve as a basis for summary judgment." *Martin v. Lennox Int'l Inc.*, 342 F. App'x 15, 17 (5th Cir. 2009) (quoting *Whalen v. Carter*, 954 F.2d 1087, 1098 (5th Cir. 1992)). When a "motion for summary judgment only challenge[s] the sufficiency of the plaintiffs' pleadings, the motion should [be] evaluated much the same as a 12(b)(6) motion to dismiss." *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993) (citing *Whalen*, 954 F.2d at 1098); *see also Pruitt v. Bank of New York Mellon*, No. 3:15-CV-2359-L, 2016 WL 11258228, at *10 (N.D. Tex. Nov. 30, 2016), *adopted in part and rejected in part by* 2017 WL 33383 (N.D. Tex. Jan. 3, 2017) ("Courts routinely find that an attack on the pleadings on a motion for summary judgment shall be ruled on as if the plaintiff filed a motion to dismiss even where the parties have presented evidence to support the claim.") (citing cases). "[B]oth standards 'reduce to the same question, specifically, if, accepting all alleged facts as true, the plaintiffs' complaint nonetheless failed to state a claim." *Taplin v. Wells Fargo Bank, N.A.*, No. 3:17-CV-3404-M-BN, 2018 WL 6933153, at *6 (N.D. Tex. Nov. 28, 2018), *adopted by* 2019 WL 112103 (N.D. Tex. Jan. 4, 2019) (citation and internal quotation omitted).

Here, Plaintiffs allege that "Defendant made false and material representations to Plaintiffs

15

by, among other things, misstating and mischaracterizing the loan modification services that were available to Plaintiffs." (doc. 1-3 at 9.) They further generally allege that "Defendant knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth", and that Defendant "made these representations with the intent that Plaintiffs act on them and Plaintiffs relied on these representations", causing their injury. (*Id.*)

While the petition nominally lays out the necessary elements of a common law fraud claim in Texas, it fails to include the specifics of "the who, what, when, where, and how" required under Rule 9(b). *See Benchmark Electronics*, 343 F.3d at 724. The petition also fails to allege any facts to support the claim that Defendant had knowledge or acted recklessly. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) ... [because] the plaintiffs must set forth *specific* facts supporting an inference of fraud[,] ... such as identify[ing] circumstances that indicate conscious behavior on the part of the defendants.") (citations omitted) (emphasis original). Because Plaintiffs have failed to meet the heightened pleading requirement of Rule 9(b), their fraud claim should be dismissed for failure to state a claim. *See Whalen*, 954 F.2d at 1098 (upholding summary judgment on fraud claim for failure to comply with Rule 9(b), noting that the failure to state a claim is the functional equivalent of failure to raise a genuine issue of material fact); *see, e.g., Lopez v. Wells Fargo Bank, N.A.*, No. 5:18-CV-44, 2020 WL 224485, at *4 (S.D. Tex. Jan. 14, 2020) (granting summary judgment motion on fraud claim that did not comply with Rule 9(b)); *Valenzuela v. Bank of New York Mellon*, No. CV B-18-36, 2019 WL 5400902, at *11-12 (S.D. Tex. June 28, 2019), *adopted by* 2019 WL 5401020 (S.D. Tex. Oct. 22, 2019), *aff'd sub nom. by* 811 F. App'x 902 (5th Cir. 2020) ("Accordingly, summary judgment for Defendants is proper where Plaintiffs fail to meet

the Rule 9(b) standard, in that Plaintiffs' fail to clearly set out the fraudulent statements made by BONY Mellon.")).[9]

## F.    TDCPA

Defendant moves for summary judgment on Plaintiffs' claims for violating §§ 392.301(a)(8), 392.304(a)(8), (a)(14), and (a)(19) of the Texas Finance Code on grounds that it has the authority to initiate foreclosure on the Property and did not violate the TDCPA. (doc. 19 at 27-32.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JP Morgan Chase & Co.*, No. 3:12-CV-2156-M, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012).  It "allows a consumer to sue a debt collector attempting to collect a debt for threats, coercion, oppression, harassment, abuse, unfair or unconscionable collection methods, or fraudulent, deceptive or misleading misrepresentations made in connection with the collection of a debt." *Huerta v. CitiMortgage, Inc.*, No. 3:11-CV-1515-BH, 2011 WL 13228994, at *3 (N.D. Tex. Dec. 12, 2011) (citing Tex. Fin. Code §§ 392.301-304).  A claimant must show: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. Tex. Fin. Code §§ 392.001-.404.  The TDCPA defines a "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." *Id.* § 392.001(6). "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or

---

[9]Defendant also moves for summary judgment on Plaintiffs' fraud claim on the ground that it fails due to the statute of frauds. (doc. 19 at 25-26.)  Because the fraud claim is otherwise subject to dismissal, the Court does not reach this argument.

alleged to be due a creditor." *Id.* § 392.001(5). This can include "actions taken in foreclosing real property." *See Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (citation omitted).

### 1.    *Section 392.301(a)(8)*

Plaintiffs allege that Defendant violated § 392.301(a)(8) because it "sought to sell the Property at a foreclosure sale prior to giving [them] the notices required by RESPA." (doc. 1-3 at 12.) Defendant argues that this claim fails because the summary judgment evidence establishes that Plaintiffs defaulted under the terms of the loan agreement, and it was entitled to proceed with foreclosure. (doc. 19 at 30.)

Section 392.301(a)(8) provides: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ [the practice of] ... threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). Defendant provides evidence showing it had the authority to issue the foreclosure notices because it was the last assignee of record of the Deed of Trust.[10] (*See* docs. 19-3, 19-4.) It also provides evidence showing that Plaintiffs were provided with the Notice of Default and the Notice of Acceleration that conformed in the form and manner required under the terms of the Note and Deed of Trust and under the Texas Property Code. (*See* docs. 19-5, 19-8.) Because Defendant's evidence shows that its attempted foreclosure was proper and it did not violate RESPA, it has met its summary judgment burden.

The burden now shifts to Plaintiffs to show a genuine issue of fact as to this claim. They do not refute Defendant's evidence, but generally allege that "separate agreements were entered into

---

[10]The summary judgment evidence also establishes that Defendant is a "mortgage servicer" under Texas Property Code § 51.0001 that may administer a foreclosure sale of real property under Texas Property Code § 51.002. *See* Tex. Prop. Code § 51.0025, 51.0001(3), 51.0001(4)(a)-(c).

between the parties", and they were "not in default of those agreements." (doc. 25 at 5.) Because Plaintiffs do not provide these "separate agreements," or point to any evidence to support their conclusory claims, they have failed to meet their burden to identify a genuine issue of material fact regarding Defendant's alleged violation of Texas Finance Code § 392.301(a)(8).

### 2.  *Sections 392.304(a)(8), (a)(14), and (a)(19)*

Defendant moves for summary judgment on Plaintiffs' claims that it violated §§ 392.304(a)(8), (a)(14), and (19) on grounds that it did not misrepresent the character, extent, amount, or status of their loan or of its services. (doc. 19 at 30-31.)

During debt collection, or in obtaining information concerning a consumer, § 392.304(a) prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation that employs [certain prohibited] practices." Tex. Fin. Code § 392.304(a). To establish a violation of § 392.304(a)(8), a plaintiff must allege facts that show that the defendant made a false or misleading statement that "led him to think differently with respect to the character, extent, amount, or status of his debt." *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). Subsection 392.304(a)(14) prohibits a debt collector from "representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business." Tex. Fin. Code § 392.304(a)(14). "Subsection 392.304(a)(19) operates effectively as a 'catch-all' provision, prohibiting a debt collector from 'using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.'" *Sanghera*, 2012 WL 555155, at * 8 (citing Tex. Fin. Code § 392.304(a)(19)); *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241-42 (5th Cir. 2014). For a party's statement to constitute a misrepresentation under the TDCPA, that party "must have made a false or misleading assertion." *Sanghera*, 2012 WL 555155, at *9.

Plaintiffs argue that Defendant violated §§ 392.303(a)(8), (a)(14), and (19) by making "significant types of misrepresentations to [them] about the status of their loan and its own services." (doc. 1-3 at 12.) They contend that Defendant represented to them that "their loan was eligible for modification and a modification of the loan would be finalized and forthcoming," but subsequently informed them that "their loan had gone into foreclosure status." (*Id.*)

As part of its summary judgment evidence, Defendant provided the notices sent to Plaintiffs showing that their loan was in default and the amount they owed. (docs. 19-5, 19-8.) It has met its summary judgment burden to show that there is no genuine issue of material fact with respect to Plaintiffs' claim regarding the alleged violations of §§ 392.303(a)(8), (a)(14), and (a)(19).

The burden now shifts to Plaintiffs to show that there is a genuine material fact issue with respect to their claim. They do not dispute the notices; they instead generally claim that Defendant "provided false information in the course of attempting to foreclose." (doc. 25 at 5.) They provide Mr. Summers' affidavit, which states that he called a representative for Defendant about Plaintiffs' third loan modification application in August 2019, and the representative advised him to submit another application even though the foreclosure date was set for September 3, 2019. (doc. 25-1 at 2.) He claims he was also told by the representative that their prior applications were not reviewed and ruled upon because "when the underwriter team for Defendant sits down to look at a loan modification packet, everything must be in front of them, not at another person's desk, or on another computer, and that they don't keep all the documents saved in one location, and that if they don't have all the documents in front of them, even if they are somewhere in Defendant's possession, they don't review it." (*Id.* at 2-3.) The affidavit fails to raise a material fact issue showing that Defendant misrepresented the character, extent, or amount of their debt, the status of their loan, or its own

services, however. *See Miller*, 726 F.3d at 723; *see, e.g., Chavez v. Wells Fargo Bank, N.A.*, 578 F.

App'x 345, 348 (5th Cir. 2014) (promising consideration for loan modification does not constitute

misrepresentation regarding character, extent, amount, or status of debt under § 392.304(a)(8)).

Plaintiffs therefore have not shown that there is a genuine issue of material fact as to whether

Defendant violated §§ 392.303(a)(8), (a)(14), and (a)(19).

Defendant's motion for summary judgment on all of Plaintiffs' TDCPA claims should be

granted.[11]

## G.    **Breach of Duty of Cooperation**

Defendant moves for summary judgment on Plaintiffs' breach of duty of cooperation claim

on the ground that it fails as a matter of law. (doc. 19 at 32-34.)

In Texas, "[a] duty to cooperate is implied in every contract in which cooperation is

necessary for performance of the contract." *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184

S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied) (citation omitted). "The duty to cooperate

is a 'promise that a party will not do anything to prevent or delay the other party from performing

the contract.'" *Dick v. Colorado Hous. Enterprises, L.L.C.*, 780 F. App'x 121, 124 (5th Cir. 2019)

(quoting *Texas Nat'l Bank v. Sandia Mortg. Corp.*, 872 F.2d 692, 698 (5th Cir. 1989)).

Here, Plaintiffs allege that Defendant breached the implied duty of cooperation because it

"did not provide [them] with the information needed to properly perform the obligations of the

Loan." (doc. 1-3 at 13.) Defendant points to the Note, Deed of Trust, and Loan Modification

Agreement as summary judgment evidence of the entire contract between the parties. (*See* docs. 19-

---

[11]Defendant also moves for summary judgment on Plaintiffs' TDCPA claims on grounds that they are barred by the economic loss rule and by the statute of frauds. (*See* doc. 19 at 27-29.) Because the TDCPA claims are otherwise subject to dismissal, it is unnecessary to reach these arguments.

2, 19-3, 19-6.)  It argues that Plaintiffs complain that it "did not timely explore ways with [them] as to how the contract could potentially be modified," but "nothing within the contract requires either party to agree to a modification of the terms of the contract." (doc. 19 at 33.)  Because the summary judgment evidence demonstrates that Defendant did not prevent Plaintiffs from fulfilling their obligations under the Note, Deed of Trust, and Loan Modification Agreement, Defendant has met its summary judgment burden to show that there is no genuine issue of material fact with respect to Plaintiffs' breach of duty of cooperation claim.  *See Anton v. US Bank Nat'l Ass'n*, No. 4:19-CV-00862-O, 2020 WL 6882653, at *10 (N.D. Tex. July 10, 2020) (granting summary judgment on breach of cooperation claim because plaintiff failed to demonstrate that defendant impeded his ability to honor his contractual obligations).

The burden now shifts to Plaintiffs to show that there is a genuine material fact issue with respect to their claim.  Because Plaintiffs have not responded to this argument, they have failed to meet their summary judgment burden.  *See Black*, 461 F.3d at 588 n.1.  Defendant's motion for summary judgment on the breach of duty of cooperation claim should be granted.

### H.    Injunctive Relief

Defendant moves for summary judgment on Plaintiffs' request for injunctive relief on the ground that they have failed to bring any viable claims against it. (doc. 19 at 34.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, *inter alia*, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Plaintiffs seek to prevent or restrain Defendant from foreclosing on the Property.  (doc. 1-3 at 16-17.)  Because summary dismissal of

22

all Plaintiffs' claims is warranted on the merits, they cannot establish any likelihood of success on the merits. *See Jackson*, 2011 WL 3874860, at *3. Accordingly, Defendant is entitled to summary judgment on Plaintiffs' request for injunctive relief.

### IV.  DEFENDANT'S COUNTERCLAIM

Defendant also moves for summary judgment on its counterclaim for foreclosure on the Property. (doc. 19 at 34-35.) Plaintiffs move for judgment on the pleadings on this claim, arguing that Defendant failed to plead a valid cause of action because a claim for judicial foreclosure "is a remedy rather than a cause of action." (doc. 26 at 2.)

In Texas, a party seeking to foreclose on real property secured by a security instrument with a power of sale has the option either to sell property in a non-judicial foreclosure in accordance with powers expressly granted in a deed of trust, or to bring a judicial foreclosure action. *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 129 n.1 (5th Cir. 1990); Tex. Prop. Code § 51.002; *see also Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.–Corpus Christi 1996, no writ) (citation omitted) (explaining that a foreclosure sale may be instituted either by a judgment of the court or by a valid exercise of a power contained in a deed of trust). In its pursuit of judicial foreclosure, the party must demonstrate "(1) the existence of a note secured by real property; (2) that some part of the note is due and unpaid; and (3) that the real property subject to the lien is the same property that it seeks to foreclose." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *3 (N.D. Tex. Apr. 18, 2016), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016) (citing *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.–El Paso 2011, no pet.)). "The court may order judicial foreclosure upon proof 'establishing the debt and fixing the lien.'" *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (per curiam) (quoting

*Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ)).  Prior to foreclosing under a deed of trust, there must also be evidence that notice of default, acceleration, and foreclosure were issued in accordance with Texas statutory requirements. *U.S. Bank Nat. Ass'n. v. Davis*, No. A-13-CV-1090-LY-ML, 2015 WL 3443473, at *5 (W.D. Tex. May 28, 2015), *adopted by* 2015 WL 11545016 (W.D. Tex. July 6, 2015) (citing Tex. Prop. Code § 51.002(b)).

Here, Defendant proffers the Note, the Deed of Trust, the Assignment, the Notice of Default, and the Notice of Acceleration. (*See* docs. 19-2, 19-3, 19-4, 19-5, 19-8, 19-9.)  The documents establish that the Note and Deed of Trust constitute a valid agreement between Plaintiffs and Lender for a debt secured by a lien created in the Deed of Trust, and that Plaintiffs' failure to make monthly payments as required by these instruments would result in a breach of the loan. (*See* docs. 19-2, 19-3.) They show that Lender assigned the original Deed of Trust to Defendant in March 1993, and the Note was endorsed in favor of Defendant. (*See* docs. 19-2 at 3; 19-4 at 2.)  They also show that Plaintiffs were in default under the Note and Deed of Trust because they failed to make payments beginning on September 1, 2015, and that they were properly served with a notice of default on September 20, 2017, and a notice of acceleration on October 15, 2018. (*See* docs. 19-5, 19-8.) Defendant has met its summary judgment burden to show no genuine issue exists as to any material fact on its counterclaim for foreclosure. *See TFHSP*, 2016 WL 2856006, at *3.

The burden now shifts to Plaintiffs to identify evidence in the record raising a genuine issue of material fact regarding whether Defendant is entitled to a foreclosure order on the Property. Plaintiffs do not object to Defendant's evidence, and instead move to dismiss the counterclaim on

grounds that judicial foreclosure "is a remedy rather than a cause of action." (doc. 26 at 2.)[12]

"Although authorization to foreclose is not a cause of action on its own, courts have read a breach of contract claim into a foreclosure claim where only the latter is pleaded." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. for Benefit of Holders of Aames Mortg. Inv. Tr. 2005-4 Mortg. Back Notes*, No. 4:19-CV-1056-A, 2020 WL 4904849, at *3 (N.D. Tex. Aug. 19, 2020); *see also Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Home Equity Loan Tr. 2005-1 Mortgage Pass-Through Certificates, Series 2005-1 v. Newman*, 9:15-CV-127, 2017 WL 3699760, at *3 (E.D. Tex. July 20, 2017), *adopted by* 2017 WL 3676820 (E.D. Tex. Aug. 24, 2017) ("Deutsche Bank has asserted a meritorious cause of action for judicial foreclosure based upon the Newmans' breach of contract."); *Pittman v. Seterus, Inc.*, No. 3:14-CV-3852-M (BF), 2016 WL 4791926, at *3 (N.D. Tex. Jan. 8, 2016) (looking to the elements for a breach of contract claim to analyze a claim for judicial foreclosure on summary judgment). While a claim for breach of contract was not expressly asserted in Defendant's counterclaim, it is subsumed with its request for judicial foreclosure. *See Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3403-L-BH, 2018 WL 7266516, at *14 (N.D. Tex. Dec. 6, 2018), *adopted by* 2019 WL 156264 (N.D. Tex. Jan. 10, 2019); *see also Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-CV-1197-S, 2019 WL 3802167, at *6 (N.D. Tex. May 31, 2019) (finding "a breach of contract claim subsumed in the pleaded judicial foreclosure claim and that such a reading would satisfy the pleading requirements under Rule 8(a)"). As discussed, Defendant has brought forward summary judgment evidence that there was a valid contract between Plaintiffs and Defendant (i.e. the Note, Deed of Trust, and Loan Modification

---

[12]The case relied upon by Plaintiffs, *U.S. Bank Nat'l Ass'n v. Ross*, CV H-15-2385, 2017 WL 2730769 (S.D. Tex. June 26, 2017), is distinguishable because it involved a motion for default judgment, and the complaint in that case did not allege all the required elements for a claim for breach of contract or a request for judicial foreclosure, unlike the complaint in this case. *Id.* at *2.

Agreement) that was breached and gives rise to its claim for judicial foreclosure. Plaintiffs's motion to dismiss should therefore be denied. Because they have failed to meet their summary judgment burden to show a genuine issue of material fact on at least one element of Defendant's counterclaim for foreclosure (and subsumed breach of contract claim), Defendant's request for summary judgment on its counterclaim for foreclosure should be granted.

## V. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**, and Plaintiffs' motion for judgment on the pleadings should be **DENIED**. All of Plaintiffs' claims should be **DISMISSED with prejudice,** and Defendant's counterclaim for foreclosure should be **GRANTED.**

**SO RECOMMENDED** on this 8th day of March, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE