IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES SUMMERS AND § | |
| FELICITAS SUMMERS, § | |
|     Plaintiffs, § | |
| v. § | Civil Action No. 3:19-CV-2205-M-BH |
| § | |
| LIBERTY SAVINGS BANK, FSB, § | |
|     Defendant. § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Plaintiffs' Motion for New Trial under Fed. R. Civ. P. 59e*, filed April 30, 2021 (doc. 38). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

This case involves the attempted foreclosure of real property located at 532 Lea Valley Circle, Coppell, Texas 75019 (Property). (doc. 1-3 at 6.)[2] On August 30, 2019, James Summers and Felicitas Summers (Plaintiffs) sued Liberty Savings Bank, FSB (Defendant) in state court, asserting claims for breach of contract, common law fraud, promissory estoppel, breach of duty of cooperation, negligent misrepresentation, and violations of the Real Estate Settlement Procedures Act (RESPA) and the Texas Debt Collection Protection Act (TDCPA). (*Id*. at 8-14.) They sought actual, statutory, and exemplary damages, attorney's fees, and injunctive relief to prevent

---

[1]By *Special Order 3-251*, this case was automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

foreclosure of the Property. (*Id.* at 14-16.)

After the state case was removed to federal court, Defendant filed a counterclaim for foreclosure of its lien on January 6, 2020. (*See* docs. 1, 8.) It moved for summary judgment on Plaintiffs' claims and its counterclaim on September 9, 2020, and Plaintiffs moved for judgment on the pleadings on Defendant's counterclaim on October 8, 2020. (*See* docs. 18, 26.) On March 8, 2021, it was recommended that Defendant's motion be granted, Plaintiffs' motion be denied, all of Plaintiffs' claims be dismissed with prejudice, and Defendant's counterclaim for judicial foreclosure be granted. (*See* doc. 34 at 26.) Plaintiffs objected to the recommendation on March 23, 2021, and on April 2, 2021, it was accepted, and judgment was entered, dismissing Plaintiffs' claims with prejudice and granting Defendant's request for judicial foreclosure. (docs. 35-37.)

On April 30, 2021, Plaintiffs moved for a new trial under Federal Rule of Civil Procedure 59. (*See* doc. 38.) Defendant responded on May 18, 2021 (doc. 40), but Plaintiffs did not reply.

## II. RULE 59(e)

Where, as here, no trial has taken place, a motion for new trial is not the proper vehicle to challenge final judgment. *See Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018). Because Plaintiffs' motion challenges the judgment in this case, and was filed within 28 days of its entry, it is properly construed as a motion arising under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e)); *see also Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank*, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id*. at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiffs argue that there was manifest error of law or fact because: (1) they submitted uncontroverted evidence that raised a genuine issue of material fact as to their TDCPA and fraud claims; (2) they are entitled to monetary relief and attorney's fees because they have pled a viable claim; and (3) Defendant had failed to plead a cause of action for judicial foreclosure. (*See* doc. 38.)  They previously asserted these same arguments in their objections to the recommendation, however. (*See* doc. 35.) Plaintiffs' arguments only rehash evidence, legal theories, or arguments that they raised before the entry of judgment. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that a Rule 59(e) motion cannot be used to repeat old arguments previously considered and rejected). They fail to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a

3

manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. Accordingly, they have provided insufficient grounds to justify the extraordinary remedy available in Rule 59(e), and their motion should be denied.

### III. RECOMMENDATION

Plaintiffs' motion for new trial, which is properly construed as a motion to alter or amend the judgment under Rule 59(e), should be **DENIED**.

**SO RECOMMENDED** on this 24th day of November, 2021.

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE